## JOSEPH CRAWSHAW *vs.* CITY OF ROXBURY.

An offer of reward " for the apprehension and conviction of any person who shall set fire to any building within the city of Roxbury " is not void for ambiguity; and entitles a person to the reward, who gives information to the police officers of the city, upon which such an incendiary is arrested, and which has a tendency to produce ultimate conviction, and without which a conviction would not have been had, if the incendiary had not, while under arrest, confessed his guilt; although such person is not called as a witness on the trial, and does no act after the arrest, and the confession is given in evidence on the trial, and perhaps is the ground of the conviction.

An offer of reward, made by the mayor in behalf of a city, and subsequently ratified by the city council, is binding on the city, although not so ratified until after the performance of the service for which the reward is claimed.

The city council may bind the city by an offer of reward of a greater amount than two hundred dollars, notwithstanding the *St.* of 1840, *c.* 75, limiting the powers of the mayor and aldermen to that amount.

ACTION OF CONTRACT to recover a reward offered by the defendants for the apprehension and conviction of incendiaries.

At the trial in the court of common pleas, before *Byington*, J., the plaintiff gave in evidence an advertisement and placard, in these words : " Five hundred dollars Reward. A reward of

$500 will be paid for the apprehension and conviction of any person or persons who shall set fire to any dwelling-house, barn or building within the city of Roxbury, with intent to destroy the same. Provided, that the foregoing reward shall not extend beyond the term of six calendar months from·this date.

Roxbury, August 15th 1854. L. B. Comins, Mayor."

The plaintiff introduced evidence that Comins was at the time mayor of Roxbury; that the advertisement was carried by the city messenger to a newspaper printed in Roxbury, and.published in that paper for about three months; that two hundred and fifty placards, containing the same offer, were printed about the same time, the expenses of which were paid by the city treasurer; and also gave in evidence a certified copy of a resolve, passed by both branches of the city council on the 2d of October 1854, by which, after reciting the above offer of reward, it: was " resolved, that the reward offered by the mayor on the 15th of August last, for the detection of incendiaries, is hereby ratified by the city council."

The plaintiff also introduced evidence of the following facts; On the 30th of September 1854 a building in Roxbury was set on fire by an incendiary, and consumed. The plaintiff was at the fire, and sought out three of the police officers of the city, who were also at the fire, and requested them to arrest Eugene Clarke, for having set the fire; and pointed out Clarke to one of said officers, requested him to arrest him, and stated to him some facts and circumstances tending to show that Clarke set the fire; and said officer was induced to and did arrest Clarke upon the information given him by the plaintiff, and committed him, it being then Saturday; and before Monday following Clarke confessed to said officer that he set the fire. On Monday another police officer, whose business it was to institute complaints against persons arrested for offences, instituted a complaint against Clarke for setting the fire, to which Clarke pleaded guilty before the magistrate, and was held for trial. At the trial in the court of common pleas, Clarke pleaded not guilty, and was convicted upon the testimony of the police officers. The three officers whom the plaintiff nad requested to ·

arrest Clarke, and the officer who made the complaint, were together, and determined what witnesses should be summoned, and did not summon the plaintiff, having ascertained that he knew nothing of his own personal knowledge, but had derived the information which he gave from another person, who was summoned, but was not able to attend. The plaintiff did nothing after the arrest in the matter, and was not requested to do anything.

The defendants requested the court to rule and instruct the jury, " that the offer of reward, not having been made in the name of the city, nor on its behalf, could not be ratified by the city, and so the order passed by the city on the subject had no retroactive effect; that the acts of the plaintiff, if any, entitling to the reward, having been performed prior to the order passed by the city, gave him no claim upon the city for the reward; that the offer of reward was void for ambiguity, it being uncertain what acts would entitle any one to it; that if said offer was not void, to entitle plaintiff to the reward, he must have done some act, or communicated some information, which would not only lead to the arrest, but also have a material influence in producing the conviction of the incendiary."

But the court ruled " that there was evidence from which the jury might infer an offer of reward, binding on the city, on performance of the services for which it was offered; and that it was not void for uncertainty." In regard to the services to be performed to entitle the plaintiff to the reward, the court instructed the jury " that the offer of a reward could not be taken literally, for, as the conviction must be in due course of law, requiring the intervention of the court and jury, a person might be entitled to the reward by becoming the prosecutor, and, as such, causing the arrest, and conducting the case to a conviction; or he might be entitled to it by giving information which should lead to and produce the arrest and conviction of the offender; that is, by giving such information to the city government of Roxbury, or to some officer authorized to act for them in making the arrest and prosecuting the offender to conviction upon the information so given; that, in this case. the officers of

the city having instituted and carried on the prosecution to conviction after the arrest, if the jury were satisfied that the facts disclosed by the plaintiff were such as induced the officer who arrested the offender to arrest him, and were material, and had a tendency to produce ultimate conviction, and without them Clarke would not have been convicted, unless upon his own subsequent confession of guilt, the plaintiff would be entitled to the reward; and the fact that Clarke, subsequently to the disclosure of such information, made by the plaintiff, and upon which he was arrested, confessed his guilt, would not deprive the plaintiff of the right to recover, though Clarke's confession of guilt was produced in evidence upon his trial, and might have been the ground upon which he was convicted." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*W. Gaston*, for the defendants.

*E. Worthington*, for the plaintiff.

SHAW, C. J. This is a suit against the city of Roxbury to recover a reward of $500 offered by the mayor, and subsequently ratified by a resolution of the city council, for the apprehension and conviction of any person who should set fire to any building within the city, with intent to destroy the same. The fire was set, and information was given by the plaintiff, after the offer of reward had been issued by the mayor, and published in a newspaper and by posting placards, and before the vote of the city council, ratifying the act of the mayor.

The court are of opinion that the directions of the judge on the trial were correct in law, carefully guarded, and well adapted to the evidence before the jury.

The mayor being the chief executive officer of the city, and issuing the advertisement in his official capacity, professed to act for the city; and although, from want of sufficient authority, his act did not bind them, yet, being done in their behalf, if the city afterwards, by the city council, who had authority to do the act, with full knowledge of what the mayor had done, ratified and confirmed it, the city was bound by it. Subsequent ratification by the principal gives the act of the agent the same

32*

effect as if it had been done by a previous authority. Of course it relates to the time of the act done, and gives it effect from that time.

An objection is made, that the city council could not legally offer so large a reward in behalf of the city, because repugnant to the *St.* of 1840, *c.* 75. That statute authorizes a reward to the amount of $200 to be offered by the selectmen of towns, and the mayor and aldermen of cities; but it puts no restriction upon the authority of the body of inhabitants in any town, or the city council, as the representatives of the whole body, in cities. It therefore does not affect the present case, in which the act giving legal force and effect to the act of the mayor was done by the city council. *Exceptions overruled.*