ALBERT JANVRIN *v.* TOWN OF EXETER.

</div>

Under a statute authorizing the mayor and city council of any city or the selectmen of any town, to offer and pay from the treasury of such city or town a suitable reward not exceeding $300, for apprehending and securing a person charged with a capital or other high crime, any city or town may be bound by an offer of a reward in such cases ; and any person who performs the service, relying upon such offer, may, in an action of assumpsit, recover the amount offered, of such city or town.

ASSUMPSIT upon the following offer of a reward by the selectmen of the town :

$300 Reward.    Whereas, on the night of September 27th, some person or persons broke and entered the dwelling house of Charles Haley ; on the night of September 28th, broke and entered the bake-house of F. M. Davis, and on the night of the 27th of October instant, broke and entered the market-house of Garland & Conner, and stole various articles from each place.    Therefore we, the subscribers, offer the above reward for the apprehension and conviction of the offenders in these cases, or a proportionate reward in each case.

Exeter, Oct. 31, 1864.

<div style="margin-left:2em;">

(Signed,)          JEWETT CONNER,   ⎫  *Selectmen*
                   SOLOMON J. PERKINS, ⎬     *of*
                   JOSEPH T. PORTER,  ⎭  *Exeter.*

</div>

Defendant demurred, and the court *pro forma* sustained the demurrer, and the plaintiff excepted.

Plaintiff claimed that he had apprehended and secured one Brown. The court ruled *pro forma*, that if any other person besides the plaintiff, in consequence of said offer, assisted in apprehending and securing said Brown, this action could not be sustained, and plaintiff excepted.

*J. J. Bell*, for plaintiff.

*C. H. Bell*, for defendant.

BELLOWS, J.   The authority of the selectmen, in behalf of a town, to offer a reward for apprehending and securing any person charged with having committed any capital or other high crime, is expressly conferred by chapter 735 of the Laws of 1848 ; and as no special remedy is provided by the statute the contract may be enforced by action in some appropriate form.   It stands, for aught we can see, upon the same ground as an offer of a reward by a private person, and there it is well settled that if in consequence of such offer, the offender be apprehended and secured according to the terms of the offer, and within a reasonable time, the person doing it may, in an action of assumpsit, recover the reward. .

This is put upon the ground that although such an offer is a mere proposal, or a conditional promise, and may be revoked at pleasure, yet if any one shall before a revocation perform the service, relying upon such offer, it becomes a legal and binding contract.   *Symmes* v. *Frazier*, 6 Mass. 344 ; and the same doctrine is held in *Morse* v. *Bellows*, 7 N. H. 549, where the authorities were carefully considered, and it was laid down that if one, relying upon a promised reward for the apprehension of a culprit, perform the service, it is a good consideration for the previous promise, which thereupon becomes binding upon the promisor.   So is *Wentworth* v. *Day*, 3 Met. 352.

The same doctrine is applied to similar offers by towns or cities. *Freeman* v. *City of Boston*, 5 Met. 56 ; *Loring & al.* v. *City of Boston*, 7 Met. 409 ; *Cranshaw* v. *City of Roxbury*, 7 Gray 374. The same doctrine is applied in the case of bounties offered by towns or cities to persons who may enlist into the military service of the United States.   *Crowell* v. *Hopkinton*, 45 N. H. 9.

It is urged that the case before us differs from those in Massachusetts, upon the ground that here the authority was conferred by statute.   We do not, however, perceive that this can affect the result.   The statute clearly confers authority to offer rewards in such cases, and we can perceive no ground for any distinction between a power acquired by express enactment, and that which is incident to the general powers conferred by law upon towns, unless there be in the statute some limitation or qualification of that power.

The statute here, Comp. Stats. ch. 236, authorizes "the mayor and city council of any city, and the selectmen of any town or place, whenever in their opinion the public good may require it, to offer and pay from the treasury of such city, town or place, a suitable reward, not exceeding $300 in any one case, to any person who shall in consequence of such offer apprehend and secure any person or persons charged with having committed any capital or other high crime."

In England, to encourage the apprehension and conviction of offenders, rewards were allowed to the amount of forty pounds by sundry acts of parliament, some of which were as early, at least, as the Fourth of William and Mary, and in some cases a portion of such reward was to be paid by the hundred indemnified by the apprehension of the offender. 4. Blk. Com. 295 ; 2 Burns' Justice 373.   The same general policy has dictated our own law, and the laws of most of the American States,

although here it has been thought better to provide for offering a reward suited to each particular case as it arises, rather than to fix it by a permanent law at a uniform amount in the same class of offences.

It is evident, however, that the policy of offering rewards by the public in some form, either by the State or a municipality, for the arrest and conviction of offenders, has long been well established; and it has ever been held that it may be done by towns and cities without being specially authorized by statute. *Cranshaw* v. *City of Roxbury*, 7 Gray 374, before cited.

In England, in addition to the permanent allowance by law, it was common for parties interested to offer rewards in particular cases, and the authorities are numerous where such offers have been enforced. Ch. on Con. 9th Am. Ed. 477, note a, and many cases cited. In *Falli* v. *Barber*, 1 M. & S. 108, the policy of authorizing such rewards is ably vindicated.

Of course, the difficulties suggested by defendant's counsel in determining who among many claimants was entitled to the reward, must have been encountered; among other cases upon that subject is that of *Lancaster* v. *Walsh*, 4 M. & W. 16, where a reward was offered to whoever should give information by which a crime could be traced and the offender convicted; and it was decided that he only who gave the *first* information was entitled to the reward; the court saying that, after that, a person could not be said to be informed by another telling the same thing, and holding only *one* reward was offered. Parke, Baron says that if two jointly give the information, both must join in a suit for the reward.

It is obvious that the difficulties to be encountered in determining who is entitled to the reward are the same in the case of an offer by a standing law, by a private individual, and by a municipal corporation; no difference has been suggested, and none can be perceived; and as the policy in respect to rewards offered by law and private persons has long been well established, we think the authority conferred upon towns and cities should be construed, if it may be, in accordance with the well settled policy upon that subject, and we are unable to see any grounds for a strict construction of that authority, or for making municipal corporations, any more than individuals, their own judges of what, and to whom, they should pay. Indeed, it is fair to presume that, in authorizing towns to offer rewards, it was intended to put them upon the same footing as private individuals.

The case of bounties, as before suggested, stands upon much the same ground. By the statute, towns are empowered to offer and pay them to encourage enlistments; and here to offer rewards to encourage the apprehension and conviction of offenders. The policy of such laws is equally clear and well established in the two cases, and in respect to the former it is settled that the payment of the bounty may be enforced by suit.

It is to be observed, also, that courts are always reluctant to give a construction to a contract or a law, that shall constitute a person a judge in his own case; and this reluctance has been of late largely increased,

so much so indeed, that it can hardly be said that such power of decid-
ing one's own cause can be conferred at all. *Smith* v. *B. C. & M.
Railroad*, 36 N. H. 458.

Unless, then, this power is expressly given to the city or town author-
ities, or is clearly implied from the language of the statute, it would be
contrary to all rules of construction, and to precedent also, to give that
effect to the law in question.

In the case before us, a reward was promised for the apprehension
and conviction of the offenders, and the selectmen had authority to do
it. If the service was rendered, relying upon this promise, the payment
of the reward becomes a duty, which, as in the case of a bounty to re-
cruits, may properly be enforced by suit. The promise is in behalf of
the town. It is made by the selectmen in their official capacity, and
substantially in the form adopted by the mayor of the city of Roxbury,
as set out in *Cranshaw* v. *Roxbury*, before cited, and it was there held,
that, as the mayor professed to act for the city, having signed the offer
officially, and his authority being afterwards confirmed, the city was
bound by the promise.

Nor is there, we apprehend, any doubt that the selectmen had power
to make such an offer in behalf of the town of Exeter. The statute, to
be sure, empowers the mayor and city council, or selectmen, to offer and
pay, but it is out of the money of the city or town, and it must, we
think, be regarded as an authority to make such offer in their official
capacity, and in behalf of the cities or towns, and not on their own ac-
count.

Upon these views the demurrer must be overruled.

Upon the other point informally reserved, we are of the opinion that
all the parties who joined in performing the service for which the suit is
brought, must join as plaintiffs. It is obvious that two or more persons
may join in detecting and apprehending an offender, and if they do so,
they are jointly entitled to the reward, and should join in the suit. It
is like other cases of joint service, and is governed by the same rules.
If, indeed, sundry persons separately undertake to secure a culprit, and
one without concert with others succeeds in apprehending him, he alone
is entitled to the reward, and alone should sue. There may be cases
where it might be difficult to determine whether certain persons did act
in concert or not, but this cannot affect the rule that those who have
jointly performed the service should join in the suit. If it were other-
wise it would be an exception to the rules of pleading for which we find
no precedent whatever, and the case of *Lancaster* v. *Walsh*, 4 M. &
W. 16, before cited, is in point.

                                        *Exceptions sustained.*