MILLARD F. HASKELL, and others,

*vs.*

JAMES T. DAVIDSON, Appellant.

York.    Opinion April 30, 1898.

*Offer of Reward. Performance. Arrest and Conviction.*

An offer of a reward for "the arrest and conviction" of an offender can not be taken literally. The person who by reason of the offer is induced to make an investigation and finally obtains possession of sufficient facts to authorize the arrest of an offender and his subsequent conviction for the crime referred to in the offer, can not himself convict the offender. The service contemplated by a person making such an offer, and which the proposal should be construed as meaning, must be the obtaining and giving to some proper per-

son interested, ·sufficient information in relation to the perpetrator of the crime and his whereabouts as to authorize and secure the arrest of the offender, and subsequently to procure his conviction by a court of competent jurisdiction.

The defendant was one of thirty citizens who agreed to pay ten dollars each as a reward "for the arrest and conviction of the person or persons who entered the room of Alexander Wilson and stole $35 therefrom." The plaintiffs were informed of this offer and were thereby induced to enter upon an investigation of the crime referred to. As a result of which, facts and circumstances were discovered by them tending strongly to inculpate a person, who, upon being found and confronted with the charge by the plaintiffs, made a full confession of his guilt and subsequently pleaded guilty to the indictment found against him by the grand jury. But the formal arrest of the respondent on the capias issued by the court, was made by a deputy sheriff, who, however, makes no claim to any part of the reward.

*Held;* that the ruling of the justice who heard the case, without the intervention of the jury, that the defendant was liable upon the foregoing facts, was correct.

ON EXCEPTIONS BY DEFENDANT.

The case is stated in the opinion.

The bill of exceptions in this case shows that the presiding justice, before whom it was tried without the intervention of a jury, filed a written decision in which he gave judgment for the plaintiffs. In this decision the presiding justice further stated: "The fact that the full demands of public justice have been in any degree disregarded by the officers of the government in allowing the respondent Thompson to go at large without punishment after conviction cannot affect the plaintiff's title to the reward."

*H. H. Burbank* and *John C. Stewart*, for plaintiffs.

*B. F. Hamilton* and *B. F. Cleaves*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

WISWELL, J. Exceptions to the ruling of the justice who heard the case, without the intervention of a jury, that the defendant was liable upon the following facts, found by him.

The defendant was one of thirty citizens who agreed to pay ten dollars each as a reward "for the arrest and conviction of the person or persons who entered the room of Alexander Wilson and

stole $35 therefrom." The plaintiffs were informed of this offer and were thereby induced to enter upon an investigation of the crime referred to. As a result of which, facts and circumstances were discovered by them tending strongly to inculpate one Harry Thompson, who, upon being found and confronted with the charge by the plaintiffs, made a full confession of his guilt and subsequently pleaded guilty to the indictment found against him by the grand jury. But the formal arrest of the respondent, on the capias issued by the court, was made by a deputy sheriff. That officer, makes no claim, however, as found by the court, to any part of the reward.

An offer of reward is a proposal. The party making it may insert his own terms, and no person can become entitled to the reward without a performance of all the terms contained in the proposal. But such performance need not be a literal compliance with the terms of the offer. It is sufficient, if the party claiming the reward has substantially performed the service required by the proposal.

An offer of a reward for "the arrest and conviction" of an offender, can not be taken literally. The person who by reason of the offer is induced to make an investigation and finally obtains possession of sufficient facts to authorize the arrest of an offender and his subsequent conviction for the crime referred to in the offer, certainly can not himself convict the offender. The service contemplated by a person making such an offer, and which the proposal should be construed as meaning, must be, the obtaining and giving to some proper person interested, sufficient information in relation to the perpetrator of the crime and his whereabouts as to authorize and secure the arrest of the offender, and subsequently to procure his conviction by a court of competent jurisdiction.

In *Crawshaw* v. *Roxbury*, 7 Gray, 374, the offer was "for the apprehension and conviction." The court at nisi prius instructed the jury, in regard to the service to be performed to entitle the plaintiff to a reward, that the offer of a reward could not be taken literally, for, as the conviction must be in due course of law, requiring the intervention of the court and jury, a person might be

entitled to the reward by becoming the prosecutor, and, as such, causing the arrest and conducting the case to a conviction; or he might be entitled to it by giving information which should lead to and produce the arrest and conviction of the offender. This instruction was unqualifiedly sustained by the full court. See also to the same effect *Besse* v. *Dyer*, 9 Allen, 151.

In *Shuey* v. *United States*, 92 U. S. 73, a case relied upon by the counsel for the defendant, the offer of reward was, "for the apprehension of John H. Surratt, one of Booth's accomplices." Offer was also made of liberal rewards, "for any information that shall conduce to the arrest of either of the above named criminals or their accomplices." The court held that the person who furnished the information to which the discovery and arrest of Surratt were entirely due, but who did not himself make the arrest, was not entitled to the reward offered for the apprehension, holding in that case that the arresting and giving information that led to the arrest were different things. There can be no question but that the construction of the offer of reward by the court was correct. The proclamation of the Secretary of War in making the offer treated the arrest and the giving of information that would lead to the arrest as different, making an offer of a specified sum for the apprehension and of liberal rewards for information that would lead to the apprehension. That case is different from this in another important respect. There the offer was for the capture of a known person; here, what was desired was not the apprehension of a known criminal who was a fugitive from justice, but information which should show who was the unknown perpetrator of the crime.

Other defenses urged by the counsel are not based upon any facts found by the justice who heard the case.

We think that the ruling was correct, that the plaintiffs substantially performed the service required by the offer of reward, so as to accomplish the entire object contemplated and desired by those making it.

*Exceptions overruled.*