## McCLAUGHRY et al. v. KING.

(Circuit Court of Appeals, Eighth Circuit. June 23, 1906.)

No. 2,315.

REWARDS—OFFER AND ACCEPTANCE.

Where defendant, as sheriff of a county, offered a reward "for the arrest of each of the parties convicted" of a certain bank robbery and murder, the reward was not accepted merely by the giving of information concerning the whereabouts of the suspect, but could only be accepted by the party assuming the personal danger and responsibility of either actually arresting the suspect or causing some other person to arrest him.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Rewards, §§ 8, 9.]

Hook, Circuit Judge, dissenting.

---

*Rehearing denied November 16, 1906.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

For opinion below, see 135 Fed. 195.

Cravens & Cravens, A. C. Cunkle, and Arthur M. Jackson, for plaintiffs in error.

Cravens & Covington, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. The petition filed below shows that the defendant, who was sheriff of Johnson county, Ark., on the occasion of the robbery of a bank and murder of one Powers in that county, offered a reward of $2,750 "for the arrest of each of the parties convicted of such bank robbery and said murder"; that thereafter plaintiffs discovered that one West had been arrested by the police force of Evansville, Ind., for vagrancy, and, being informed that he was suspected of being guilty of the Johnson county robbery and murder, and knowing that the reward of $2,750 had been offered for his arrest, notified defendant that West was under arrest in Evansville under an assumed name of Charles Johnson; that defendant, acting upon that information, immediately went to Evansville, apprehended West, and took him back to Johnson county, where he was subsequently tried, convicted, and executed for the crime of murdering Powers; that plaintiffs, at the request of defendant, furnished evidence which largely contributed to the conviction of West. A demurrer interposed to this petition on the ground that it failed to state facts sufficient to constitute a cause of action was sustained, and, plaintiffs declining to plead further, final judgment was rendered in favor of defendant.

Was the ruling on the demurrer right?

A reward offered for the arrest of an offender is an offer or conditional promise to pay the person performing the required service a certain sum of money. The performance of the service is the acceptance of the offer, or performance of the condition on which the promise is made, and, when done, concludes a binding contract. The matter rests exclusively in the domain of contract, involving an offer and its acceptance. One desiring to offer a reward may fix his own terms and conditions. If they are satisfactory they must, like other propositions, be accepted as made. If unsatisfactory no one need accept them. The offer may be, and doubtless is, made according to the kind of service required. If the apprehension of a desperate character be required it would naturally be made to persons who would brave the danger and assume the responsibility, either of making the arrest or causing it to be made. If, on the other hand, the apprehension of a different character is desired, personal bravery and responsibility might not be as much required as diplomacy, and the offer would naturally be addressed to one who would work up clues and give information.

From considerations like these we well understand how an interested party may discriminate in the proposition he makes. It is obviously one thing to offer a reward for an arrest which involves dan-

ger and responsibility and quite a different thing to offer a reward for information which involves neither. The brave and strong of purpose only would naturally undertake the former, while the timorous and conservative might undertake the latter. One accepting the first offer would actually make the arrest or cause it to be made, while one accepting the other offer might do the equally efficacious act, and the arrest might follow as a consequence and he not be subjected to any personal danger or responsibility. The difference in the offer as well as the difference in the performance clearly shows that the two make different contracts. This is recognized and affirmed in the case of Shuey v. United States, 92 U. S. 73, 23 L. Ed. 697. The Secretary of War had offered one reward of $25,000 "for the apprehension of John H. Surratt," charged with being one of Booth's accomplices in the murder of President Lincoln, and at the same time announced that "liberal rewards will be paid for any information that shall conduce to the arrest" of Surratt. The trial court found that the claimant gave information which conduced to the arrest of Surratt, but that it did not constitute an "arrest" of him within the meaning of the offer. Mr. Justice Strong, in delivering the opinion of the court, says:

"It is found as a fact that the arrest was not made by the claimant, through the discovery and arrest were due entirely to the disclosures made by him. The plain meaning of this is that Surratt's apprehension was a consequence of the disclosures made. But the consequence of a man's act are not his acts. Between the consequence and the disclosure that leads to it there may be, and in this case there were, intermediate agencies. Other persons than the claimant made the arrest—persons who were not his agents," etc.

The following authorities are in harmony with the foregoing views and sustain the contention that furnishing information merely which leads to an arrest is not the acceptance of an offer of a reward for making the arrest: Kinn v. First Nat. Bank, 118 Wis. 537, 95 N. W. 969, 99 Am. St. Rep. 1012; Juniata County v. McDonald, 122 Pa. 115, 15 Atl. 696; Everman v. Hyman, 3 Ind. App. 459, 29 N. E. 1140; Williams v. West Chicago St. R. Co., 191 Ill. 610, 61 N. E. 456, 85 Am. St. Rep. 278; Lovejoy v. Atchison, Topeka & S. F. R. R., 53 Mo. App. 386. The following authorities are relied on to sustain the contrary: Crawshaw v. City of Roxbury, 7 Gray (Mass.) 374; Besse v. Dyer, et al., 9 Allen (Mass.) 151, 85 Am. Dec. 747; First National Bank v. Hart, 55 Ill. 62; Haskell v. Davidson, 91 Me. 488, 40 Atl. 330, 42 L. R. A. 155, 64 Am. St. Rep. 254; Ralls County v. Stephens, 104 Mo. App. 115, 78 S. W. 291. These cases have been carefully examined and considered and the principle of decision will be briefly stated.

In the Crawshaw Case a reward was offered by the city of Roxbury "for the apprehension and conviction" of any person who shall set fire to any dwelling house. A fire was subsequently set by an incendiary. Plaintiff, Crawshaw, was at the fire, sought out three police officers of the city, and requested one of them to arrest one Clarke, whom he pointed out as the incendiary. Thereupon the officer was

induced to and did arrest Clarke. The foregoing facts make it appear that Crawshaw made the officer his agent for making the arrest, and that in doing so the officer acted under the directions of Crawshaw. Some expressions are found in the charge of the court to the jury which obviously were made in the light of the facts just referred to and should be construed accordingly. Chief Justice Shaw, in announcing the opinion of the Supreme Court, disposes of the case on other grounds, and makes no reference, except to generally approve of the law as laid down in the charge, to the point now under consideration. In the Besse Case the doctrine of the Crawshaw Case is approved; emphasis being laid upon the fact that the incendiary was arrested by the officer at the request of Crawshaw. In the First National Bank Case the reward was given to the claimant because his services were accepted and availed of by the persons offering the reward after he had informed them that he would claim the reward if he performed the services. The court held that, although the claimant was not embraced in the description of the persons to whom the reward was first offered, he was entitled to it by reason of the subsequent engagement made between the parties. In the Ralls County Case it distinctly appeared that the claimant directed an officer to arrest the suspected criminal, and the court there says that, although the officer was the first to lay hands on the suspect, "he did so as the agent, or, one may say, the arm of Stephens. He acted entirely for Stephens and by the latter's direction."

The foregoing cases practically announce the doctrine that, where a reward is offered for the arrest of a suspect, any person who either personally makes the arrest or induces another to act for him, as his agent, in so doing, is entitled to the reward. Concerning this doctrine there can be no difference of view. The only other case relied upon by counsel for plaintiffs is that of Haskell v. Davidson. That case contains expressions favorable to their view, but it is founded upon a state of facts which permit of a recovery on principles not out of harmony with those already stated. The defendant in that case had offered a reward "for the arrest and conviction of the person or persons who entered the room of Alexander Wilson and stole $35 therefrom." The plaintiffs were informed of this offer and were thereby induced to enter upon an investigation of the crime. They discovered facts and circumstances strongly inculpating one Thompson, who was found and confronted with the charge by the plaintiffs, and thereupon made a full confession of his guilt to them and subsequently pleaded guilty to the indictment found against him by the grand jury. The arrest was but a matter of form, and was made by a deputy sheriff, who made no claim for the reward. It is in the light of such facts that the court says:

"The service contemplated by a person making such an offer, and which the proposal should be construed as meaning, must be the obtaining and giving to some proper person interested sufficient information in relation to the perpetrator of the crime and his whereabouts as to authorize and secure the arrest of the offender, and subsequently to procure his conviction by a court of competent jurisdiction."

Disconnected with the peculiar facts of that case, we doubt that the learned court would have announced the principle quite as broadly as it did.

Applying well recognized rules governing the interpretation of contracts, and the reasoning indulged, and authorities considered, we think the true rule is that when an offer of a reward is made for an "arrest" of a suspect it is not accepted by the giving of information merely, concerning the whereabouts of the suspect, but is accepted only when one assumes the personal danger and responsibility of either actually arresting the suspect or causing some other person to arrest him. The petition in this case fails to make such averments and was for that reason fatally defective.

The judgment is affirmed.

HOOK, Circuit Judge (dissenting). The offer of a reward and its acceptance by the performance of the service is a contract, but it is not different from other contracts in respect of the rules of construction that should be applied. In such contracts, as in others, regard should not be had to the mere letter to the exclusion of the spirit. "The fruit and profit of a nut lie in the kernel, and not in the shell." It matters not that the proponent of the reward is entitled to make his own terms. When he has done so it is then for the court to say what they mean and whether they were substantially complied with, and in doing so it is not unjust to him to deprive him of a shrewd, narrow meaning of his own words.

The reward offered was for the arrest of each one of the parties guilty of a robbery and murder in Arkansas. A man named West was suspected. The plaintiffs discovered that under an assumed name he was under arrest in Evansville, Ind., for vagrancy and street begging. His identity was unknown to the police of that city, and his identity and whereabouts were unknown to the Arkansas sheriff who offered the reward. Had not the plaintiffs acted he would have served his time at Evansville and disappeared. In this condition of affairs the plaintiffs, knowing of the reward and alone knowing of the identity and whereabouts of the accused, immediately notified the sheriff, who, acting thereon, at once went to Evansville, took him into custody, and removed him to Arkansas, where, with the assistance of plaintiffs, he was convicted and afterwards executed. It does not appear that any one else than plaintiffs is claiming the reward. The Evansville police would not be entitled to it because what they did was in the mere performance of other duties and had no relation to the Arkansas crime or to the reward. The sheriff himself would not be entitled to it because his receiving possession from the police was a mere perfunctory service performed after receipt of the important and necessary information from the plaintiffs. The man was already under arrest. He was where any one who knew his identity could get him. It is not as if he had been at large. True, it may be said that he was not under arrest for the Arkansas crime until the sheriff arrived, but it seems to me to be quite a narrow construction to say that by

simply laying a hand upon the accused and peacefully receiving him from the police the sheriff himself made the arrest and thereby escaped paying the reward he offered. Even if so narrow a meaning is to be given to the word "arrest," there is still reason for holding that when the sheriff went to Indiana he went for the plaintiffs and waived the personal performance of that unimportant service by them, since all that was vital and of consequence had already been done. The better rule is that he who is the active and efficient cause in securing the result described in an offer of reward is the one who is entitled to it. He is the one who accomplishes the result—who brings it about. It is not the man who, when all else is done and when the accused is as it were tied to a stake, merely performs the letter of the final act without effort, skill, or enterprise. Such rule would conform to the spirit that actuated the offer of reward, and if it does it is the one that should prevail.

I think that the Massachusetts rule expressed in Crawshaw v. City of Roxbury, 7 Gray (Mass.) 374, and that of Maine, shown in Haskell v. Davidson, 91 Me. 488, 40 Atl. 330, 42 L. R. A. 155, 64 Am. St. Rep. 254, is the reasonable one and is in harmony with those applied to contracts generally. In the Roxbury Case the reward was "for the apprehension and conviction of any person or persons who shall set fire to any dwelling house," etc. Thereafter a building was set on fire by an incendiary and consumed. The plaintiff was at the fire and sought out three police officers and requested them to arrest one Clarke for having set the fire. He pointed Clarke out to one of the officers and stated facts and circumstances tending to show that Clarke committed the offense. Clarke was arrested by this officer upon the information given and afterwards confessed to him. Another police officer made the complaint. Clarke pleaded not guilty at the trial, but was convicted upon the testimony of the officers. The plaintiff's information upon which he accused Clarke and requested his arrest was hearsay, and therefore he was not summoned to attend the trial. The city having refused to pay the reward, the plaintiff brought action therefor, and having recovered a judgment the city took the cause to the Supreme Judicial Court of Massachusetts, where it was affirmed. At the trial below the court instructed the jury as follows:

"That the offer of a reward could not be taken literally, for, as the conviction must be in due course of law, requiring the intervention of the court and jury, a person might be entitled to the reward by becoming the prosecutor, and, as such, causing the arrest, and conducting the case to a conviction, or he might be entitled to it by giving information which should lead to and produce the arrest and conviction of the offender; that is, by giving such information to the city government of Roxbury, or to some officer authorized to act for them in making the arrest and prosecuting the offender to conviction upon the information so given, that, in this case, the officers of the city having instituted and carried on the prosecution to conviction after the arrest, if the jury were satisfied that the facts disclosed by the plaintiff were such as induced the officer who arrested the offender to arrest him, and were material, and had a tendency to produce ultimate conviction, and without them Clarke would not have been convicted, unless upon his own subsequent confession of guilt the plaintiff would be

entitled to the reward; and the fact that Clarke, subsequently to the disclosure of such information, made by the plaintiff, and upon which he was arrested, confessed his guilt, would not deprive the plaintiff of the right to recover, though Clarke's confession of guilt was produced in evidence upon his trial, and might have been the ground upon which he was convicted."

Upon appeal Chief Justice Shaw observed of this and other instructions:

"The court are of opinion that the directions of the judge on the trial were correct in law, carefully guarded, and were adapted to the evidence before the jury."

In Haskell v. Davidson the reward offered was "for the arrest and conviction of the person or persons who entered the room of Alexander Wilson and stole $35 therefrom." The plaintiffs, being informed of the offer, commenced an investigation of the crime, with the result that facts and circumstances were discovered tending strongly to inculpate one Thompson, who, upon being found and confronted with the charge by the plaintiffs, made a confession of his guilt and subsequently pleaded guilty to an indictment found by the grand jury. The formal arrest of Thompson, however, was on a capias issued by the court and was made by a deputy sheriff. The Supreme Judicial Court of Maine sustained a recovery by the plaintiffs. It said:

"An offer of reward is a proposal. The party making it may insert his own terms, and no person can become entitled to the reward without a performance of all of the terms contained in the proposal. But such performance need not be a literal compliance with the terms of the offer. It is sufficient if the party claiming the reward has substantially performed the service required by the proposal. An offer of a reward for the 'arrest and conviction' of an offender cannot be taken literally. The person who by reason of the offer is induced to make an investigation, and finally obtains possession of sufficient facts to authorize the arrest of an offender, and, his subsequent conviction, for the crime referred to in the offer, certainly cannot himself convict the offender. The service contemplated by a person making such an offer, and which the proposal should be construed as meaning, must be the obtaining, and giving to some proper person interested, sufficient information in relation to the perpetrator of the crime, and his whereabouts, as to authorize and secure the arrest of the offender, and subsequently to procure his conviction by a court of competent jurisdiction."

The case of Shuey v. United States, 92 U. S. 73, 23 L. Ed. 697, is not in point, because it appeared from the face of the proclamation of reward by the Secretary of War that he made a clear distinction between the apprehension of Surratt on the one hand and information conducing to the arrest on the other. It was his privilege to do so. The sum of $25,000 was offered expressly for the apprehension, and it was specified in addition that "liberal rewards will be paid for any information that shall conduce to the arrest," etc. The claimant gave information, but other agencies effected the arrest. It is obvious that a man who asked and received a reward for information under such an offer should not also be rewarded for the apprehension of the fugitive by others. This feature of the case was particularly adverted to by the Supreme Court. I think the plaintiffs here fairly earned the reward offered and should receive it.