# A. D. FORSYTHE v. JAMES C. MURNANE and Others.[1]

## January 6, 1911.

## Nos. 16,849—(175).

**Reward for services.**

The train of a railway company was held up and robbed. It offered a reward of $5,000 for the arrest and conviction of each robber. One of them was arrested, convicted, and sentenced to life imprisonment. There being several claimants for the reward, there was an interpleader, and the amount of the reward deposited in court. The appellants M. and D. were by the court's findings of fact and conclusions of law denied any share in the fund. *Held:*

1. A person having knowledge of a reward for the arrest and conviction of a criminal, whose arrest is not one of his official or contractual duties, who renders services which materially and proximately aid in the arrest and conviction, is entitled to an equitable and relative share of the reward, where the amount thereof is in court upon interpleader.

2. Upon the facts stated in the opinion, M. was, and D. was not, entitled to share in such fund.

Action in the district court for Clay county against Great Northern Railway Company to recover a reward of $5,000. Upon motion of plaintiff the court ordered various claimants to be made parties defendant. Thereafter Mark Madigan and C. B. Battan filed complaints in intervention, each demanding judgment for the full sum of $5,000, and that the other parties to the action had no share or right in and to the amount of the reward. Pursuant to stipulation in open court the defendant railway company paid the sum of $5,000 into court, and the court dismissed the action as to the company. The case was tried before Taylor, J., who made findings, as stated in the opinion. The separate motions of defendants Murnane and Delaney for a new trial were denied. From the order de-

[1]Reported in 129 N. W. 134.

[Note]  What must be done in order to earn reward for arrest, see note in 7 L.R.A.(N.S.) 216.

nying their motions, they appealed.   Reversed and remanded as to defendant Murnane.   Affirmed as to defendant Delaney.

*Lawler & Lyons,* for appellants.

*Charles S. Marden,* for respondent Forsythe.

*Arthur J. Stobbart* and *E. C. MacDonald,* for respondents Mc-Phee and others.

*Peterson & Adams,* for respondent Whaley.

*William Russell,* for respondents Shermoen.

*Nye & Dosland* and *Fred C. Robertson,* for respondents Howe, Cummings and Riley.

*Houpt & Field,* for respondent Madigan.


START, C. J.

On September 12, 1907, at Rondo, Montana, the railway train of the Great Northern Railway Company, which included express and mail cars, was held up and robbed of $40,000.   The robbery was committed by George Frankhouser, alias Ed. Smith, alias Joe King, and others.   Thereupon the railway company offered a reward for the arrest and conviction of each of the robbers, and agreed to pay $5,000 for the arrest of each of them, if such arrest was followed by a conviction.   Thereafter the plaintiff arrested Frankhouser within this state, who had been indicted for the crime in the District Court of the United States for the District of Montana.   He was surrendered to the federal authorities, and duly convicted in the federal court, and sentenced to life imprisonment.

The plaintiff claimed the reward of $5,000, and brought this action in the district court of the county of Clay against the railway company and other claimants of the reward, who are designated in the complaint as defendants.   The railway company admitted that the plaintiff and some or all of the defendants were entitled to the reward, and by stipulation of all parties it deposited the amount of the reward with the court, to be awarded to the parties who should be entitled to it, and was relieved of further liability. The parties interpleaded, and Mark Madigan and C. B. Battan intervened and claimed a share in the fund in court.

The cause was tried by the court without a jury, and findings of

fact and conclusions of law were made to the effect that the plaintiff and all of the parties to the action, except the intervener Battan and the defendants Murnane and Martin P. Delaney, hereafter referred to as the defendant Delaney, were entitled to share in the fund. The court found as a fact that none of the excepted parties performed any services for which the reward was offered, and, as a conclusion of law, that neither was entitled to any portion thereof. The defendants Murnane and Delaney appealed from orders denying their respective motions for a new trial.

The first question raised by the assignments of error, to be considered, is whether the finding and decision of the trial court referred to are sustained by the evidence. If it is, then neither of the appellants has any further interest in the case, and their motions for amended findings of fact were properly denied. It is clear, upon the record, beyond reasonable controversy, that the appellants are not, in any event, entitled to the whole of the reward; and the question is narrowed to an inquiry whether the undisputed evidence shows that each or any of them is entitled to share in the reward. The evidence as to their respective claims is sufficient to require a finding of the facts, briefly stated, following:

The bandit, Frankhouser, was first arrested in the state of Montana by the efforts of the defendant Howe in connection with the other defendants named in his answer, including the defendant John Delaney; but while he was so in custody he escaped on March 21, 1908. On November 26, 1908, the plaintiff, Forsythe, arrested, in the county of Wilkin, in the state of Minnesota, a person then and there known as Wolf, who, as plaintiff was informed, was wanted for thefts from box cars of the Northern Pacific Railway Company in the county of Clay, this state, for whom he was also informed a large reward was offered, but by whom or for what offense he had no knowledge. He delivered Wolf to the defendant Whaley, the sheriff of the county of Clay, who detained him in the jail of that county at Moorhead by virtue of a warrant on the charge of theft from the Northern Pacific cars. He was discharged on this complaint, and immediately rearrested upon a warrant issued on the complaint of the defendant Delaney, charging him with stealing

from the cars of the Great Northern Railway Company in the county of Clay. Upon this charge he was held in jail to await the action of the grand jury.

The defendant Delaney had a photograph of Wolf, and also a photograph of the escaped bandit, Frankhouser; but it did not occur to him that Frankhouser and Wolf were one and the same man. The defendant Murnane was and is a police officer of the city of St. Paul, and as such officer had charge of the bureau of identification of criminals, and had in his possession a photograph of Frankhouser, and had made a study of it. On December 18, 1908, and while Wolf was still in jail at Moorhead, the defendant Delaney showed the photograph of Wolf to Murnane, who then knew of the offered reward, and from it and the photograph of Frankhouser then in his possession he at once identified Wolf and Frankhouser as one and the same man. Thereupon Murnane and Delaney went to the office of the United States district attorney, and informed that office that the robber, Frankhouser, was then in jail at Moorhead under the name of Wolf. Upon receiving such information, the United States attorney instituted and carried forward such proceedings that Frankhouser was transferred from Minnesota to Montana for trial on the indictment there pending against him.

The defendant Delaney is, and during all the times herein mentioned has been, employed by defendant the Great Northern Railway Company as a special agent, commonly known as a detective, and by virtue of such employment it was his duty to do and perform all the things that were done and performed by him in the matter of the arrest, identification, and prosecution of Wolf or Frankhouser, and they were so done and performed in the line of his duty, and for the purpose of performing such duty.

Do these evidentiary facts justify the ultimate fact, found by the trial court, that neither Delaney nor Murnane performed any services for which the reward was offered? The reward offered was to the effect that $5,000 would be paid for the arrest of the robber, if followed by the conviction of the person arrested. The ar-

rest is made by the offer a primary and essential act, and the evidence that the right person is arrested must be his conviction.

There is much conflict of judicial authority as to what constitutes an arrest, so as to entitle a person to claim the reward or an equitable share thereof. One line of cases takes what seems to be a narrow view of the terms of the offer and what constitutes an acceptance and performance thereof. In the case of McClaughry v. King, 147 Fed. 463, 79 C. C. A. 91, 7 L.R.A.(N.S.) 216, it is held that the offer can only be accepted and performed by the party assuming the personal danger and responsibility of either actually arresting the suspect or causing some other person to arrest him. Hook, J., dissenting in this case, said: "In such contracts, as in others, regard should not be had to the mere letter to the exclusion of the spirit. The fruit and profit of a nut lie in the kernel, and not in the shell." On the other hand, it was held, in effect, in Crawshaw v. City of Roxbury, 7 Gray (Mass.) 374, and in Haskell v. Davidson, 91 Me. 488, 40 Atl. 330, 42 L.R.A. 155, 64 Am. St. 254, that a substantial performance of the terms of the offer was sufficient, and that an actual arrest of the criminal by the claimant, or upon his request, was not essential, provided his services and information resulted proximately in the arrest. See 24 Am. & Eng. Enc. (2d Ed.) 955, and 34 Cyc. 1746.

We shall not attempt to lay down any general rule as to when a reward has been earned. We, however, hold upon principle that a person, having knowledge of an offer of a reward for the arrest and conviction of a criminal, whose arrest is not one of his official or contractual duties, who renders services which materially and proximately aid in such arrest and conviction, is entitled to an equitable share of the reward, based on the relative value of his services, where the amount thereof has been paid into court upon interpleader.

The undisputed evidence brings Murnane within the rule. It is true that when he rendered his services Frankhouser was in fact in jail under the assumed name of Wolf to answer another charge; but that Wolf was Frankhouser, the robber for whose arrest and conviction the reward was offered, had not been discovered. It was

by Murnane's skill and information that such identification was made and the fact established that Frankhouser was in jail where the federal authorities could lay their hands upon him. It was this information by Murnane to the federal authorities which proximately resulted in Frankhouser being arrested, transferred to Montana, and there convicted on the charge of robbery.

It is clear that the defendant Delaney is not, in view of the facts found by the trial court, as to his contractual relations and duties in the premises to the Great Northern Railway Company, entitled to any part of the reward. Therefore it was not error to deny his motion for a new trial, and the order as to him is affirmed.

It is otherwise as to the defendant Murnane. It was error to deny absolutely his motion for a new trial, and the order must be reversed as to him, and cause remanded, with direction to the trial court to determine his equitable and relative share of the fund in court, and amend its findings of fact and conclusions of law accordingly.

So ordered.

SIMPSON, J., took no part.