STAIR *v*. HESKA AMONE CONGREGATION *et al.**

(*Knoxville.* September Term, 1913.)

1. **REWARDS. Actions. Evidence. Efficient cause of arrest.**

Where a reward was offered for the arrest and delivery to the sheriff of a culprit, and a police officer, in searching for the culprit in reliance upon the reward, made the arrest, but the prisoner escaped, and on pursuit surrendered to plaintiff, who was in the front of the pursuit, the officer was the efficient cause of the arrest, and not plaintiff. (*Post, pp. 192, 193.*)

2. **REWARDS. Who may receive. Efficient cause of arrest.**

The rules governing the interpretation of ordinary contracts are to be applied in the construction of a published reward for an arrest or other service, and the better rule is that he who is the active and efficient cause in securing the result described in an offer of reward is the one entitled thereto. (*Post, p. 193.*)

Cases cited and approved: McClaughrey v. King, 147 Fed., 463; Haskell v. Davidson, 91 Me., 488.

3. **REWARDS. Who may receive. Police officer.**

A police officer is precluded by public policy from demanding or enforcing a reward for an arrest, but the fact that a reward was voluntarily paid an officer after notice that a private citizen claimed it does not enlarge the rights of such citizen, or entitle him thereto, where the officer, rather than he, was the efficient cause of the arrest. (*Post, p. 194.*)

4. **REWARDS. Who may receive. "Arrest."**

Where a citizen joined the pursuit of a prisoner, who had escaped from an officer, and the culprit surrendered to him while im-

---

*The question of the effect of assistance of officers on right to reward for procuring arrest, is discussed in a note in 7 L. R. A. (N. S.), 217. And the authorities on the right of an officer to claim reward for arrest, are collated in notes in 11 L. R. A. (N. S.), 1170; 34 L. R. A. (N. S.), 924; and 43 L. R. A. (N. S.), 131.

---

Stair v. Congregation.

---

mediate and continuous pursuit was being made by the officer
and others, such action did not constitute a second arrest,
and it was not an "arrest" within the meaning of an offer
of reward.   (*Post, p.* 194.)

Case cited and approved:   Cooper v. Adams, 2 Blackf. (Ind.),
294.

5. **REWARDS.   Apportionment.   Necessity of concert of action.**
Where there is no concert of action when the endeavor to gain
a reward is entered upon, he alone is entitled to it who first
substantially complies with the offer; and where a prisoner
escaped from an officer, and in the pursuit surrendered to a
citizen, there was no sufficient concert of action to entitle such
citizen to a portion of the reward.   (*Post, p.* 194.)

Case cited and approved:   Stroud v. Garrison, 24 Ark., 53.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County to
the Court of Civil Appeals and by *certiorari* from the
Court of Civil Appeals to the Supreme Court.—WILL
D. WRIGHT, Chancellor.

W. J. DONALDSON, for complainant.

REUBEN L. CATES, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court:

The bill of complaint was filed by Stair to recover
a reward of $300, offered by defendant Congregation
for the "arrest and delivery to the sheriff of Knox
county" of one who had at night assailed and brutally
beaten, in his store, one of its members, Schwarts, there
being no other present.

The proof establishes that among those who with knowledge of, and in reliance on the reward, began to search or look out for the culprit, was one Johnson, of the city police force. This officer, observing a negro walking a street of his beat who appeared to him to answer the description given in the published reward, hailed him and engaged him in a conversation which tended to confirm Johnson's suspicions. The negro was thereupon arrested, and while being taken by Johnson to the city hall the prisoner struck down the officer and ran in an effort to escape. Johnson followed in pursuit as soon as he recovered his footing, shot twice at the prisoner, and cried aloud, "Catch him!" hearing which a large number of citizens joined in the pursuit, among them complainant, Stair. The negro dodged into a livery stable, passing out of the sight of Johnson, who continued to pursue, and went through same into Sullivan street. Stair entered the stable immediately behind the negro, leading the pursuers, drew his pistol, and commanded the negro to halt. Sullivan street at this place is a *cul de sac*, the only avenue of escape being into Jackson avenue, and there stood other pursuers. In this situation the negro surrendered to Stair. Policeman Johnson did not come up until the negro had been taken in charge by other policemen, who took him to jail. The court of civil appeals found as a fact that but for the intervention of Stair, or Stair and others, the negro probably would have escaped from Johnson, and that in

the surrender in Sullivan street Stair was proximately and efficiently instrumental.

Stair sues for the full reward, and was granted by the chancellor a recovery of $100, by way of apportionment for services contributed. The court of civil appeals on appeal denied him any relief, save costs, which were taxed against defendant Congregation. Both sides have petitioned for writs of *certiorari*.

The rules governing the interpretation of ordinary contracts are to be applied in the construction of the published reward; and, however this offer may be conceived of, this policeman, and not Stair, substantially performed the service requisite legally to a demand of the reward, had he not been precluded by public policy which denies such relief to a regular officer. If from the facts, known to the Congregation and to those seeking to earn the reward, detective skill, initiative, and ingenuity in the discovery of the culprit was primarily demanded, or if, on the other hand, great danger was to be anticipated in the actual arrest, and the reward, therefore, construed to be paid to him who should brave the danger and effect the capture, Johnson earned the reward.

"The better rule is that he who is the active and efficient cause in securing the result described in an offer of reward is the one entitled to it. He is the one who accomplishes the result—who brings it about. It is not the man who, when all else is done, and when the accused is, as it were, tied to a stake, merely performs the letter of the final act without effort, skill,

128 Tenn. 13

or enterprise. Such rule would conform to the spirit that actuated the offer of reward, and if it does it is the one that should prevail." Hook, circuit judge, in *McClaughrey* v. *King,* 147 Fed., 463, 79 C. C. A., 91, 7 L. R. A. (N. S.), 216, 8 Ann. Cas., 856; *Haskell* v. *Davidson,* 91 Me., 488, 40 Atl., 330, 42 L. R. A., 155, 64 Am. St. Rep.; 254, and other cases cited; 34 Cyc., 1747.

The act of Stair contributing to the second surrender was not an "arrest" within the meaning of the offer of reward. The arrest had been made by Johnson and the mere retaking of the culprit in his attempted escape, while immediate and continuous pursuit was being made, did not constitute a second arrest, or affect Johnson's right to the prisoner under the one effective arrest. *Cooper* v. *Adams,* 2 Blackf. (Ind.), 294; 2 Hale, P. C., 115; 3 Cyc., 898.

The chancellor was in error in decreeing complainant $100 on apportionment, since his right to so share in the reward depends upon there having been concert of action between him and Policeman Johnson when the endeavor was entered upon. Where there is no such concert as to joint efforts, he alone is entitled to the reward who first substantially complies with the terms of the offer. *Stroud* v. *Garrison,* 24 Ark., 53; 24 Am. & Eng. Ency. Law (2 Ed.), 959. Complainant, Stair, was brought into the chase by hearing Johnson's cry, "Catch him!" and not as an independent searcher.

The court of civil appeals was in error in decreeing complainant his costs, whether of the court below or

on appeal, against the Congregation. That body voluntarily paid the police officers concerned in the transaction, without legal liability to do so, and after notice of complainant's claim; but those facts cannot cure his own lack of legal right or constitute an equity to that end.

Decree of court of civil appeals modified accordingly, and affirmed.