MADSEN, Appellant v.
DAKOTA STATE BANK, Respondent
MADSEN, Appellant v.
STOCKHOLM STATE BANK, Respondent

(114 N.W.2d 93)

(File No. 9954. Opinion filed March 20, 1962)

**Gunderson & Gunderson,** Clear Lake, and **Swenson & Nelson,** Madison, Minn., for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for Defendants and Respondents.

BIEGELMEIER, J. In these two actions brought to recover rewards the facts were all agreed at the trial. Plaintiff appeals from the judgment dismissing the actions. Defendants are state banks located at Revillo and Stockholm, South Dakota. Each carried a Bankers' Blanket Bond issued by the hereafter named indemnity company covering losses resulting from robbery or burglary. They had them on display signs which read as follows:

"$1000 REWARD
FOR THE CAPTURE OF
BANK ROBBERS
WILL BE PAID BY THE

## SAINT PAUL-MERCURY INDEMNITY COMPANY WHICH GUARANTEES THE PAYMENT OF THIS REWARD

"This bank offers a reward of $1000 to be paid for the capture dead or alive of any person or persons while in the act of robbing or burglarizing this bank or attempting to do so during the currency of the Bankers' Blanket Bond issued to this Bank by the above company. This reward will be paid for the apprehension of any person or persons who commit either of the aforesaid crimes, and who are captured within fifty miles of the Bank's premises, and not later than one year after the crime is committed. The intention being to offer only one reward of $1,000.00 in connection with each robbery or burglary or attempt thereat, the same to be apportioned in the event more than one person shall be entitled to a portion thereof."

On June 18, 1957 defendant Stockholm State Bank was robbed of $2351 by two men who made good their getaway. On October 22, 1957 defendant Dakota State Bank at Revillo was robbed of $1522 by an unknown masked man armed with a sawed off 410-gauge shotgun who successfully fled the scene. Through diligence and alertness plaintiff prior to the Revillo robbery secured the license number of the automobile used in that robbery and immediately thereafter furnished this information to law enforcement officials. It is admitted this information led to the capture and arrest that same day, within 50 miles of the bank's premises, of both the Revillo bank robber and his accomplice in the Stockholm robbery, whom he implicated. Plaintiff is not a law enforcement officer, was not personally present at, and did not physically assist in the arrest of the robbers. They confessed to, and were sentenced for, both crimes.

One desiring to offer a reward may fix his own terms and no person can become entitled to it without per-

formance of the terms in the reward offer. Haskell v. Davidson, 91 Me. 488, 40 A.330, 42 L.R.A. 155, 64 Am.St.Rep. 254; 46 Am.Jur., Rewards, § 6. Such performance need not be a literal compliance with the offer. It is sufficient if the party claiming the reward has substantially performed the services required in the proposal. This is the result reached by many courts and is based on sound reasoning.

In Haskell v. Davidson, supra, the reward offer was for the arrest and conviction of a person who entered a certain room and stole money. Plaintiffs entered on an investigation of the crime, and discovered facts tending to inculpate another who, upon being found and confronted by them, confessed and pled guilty to a grand jury indictment. The formal arrest was by a deputy sheriff who made no claim to any part of the reward. In concluding the offer could not be taken literally, the court said:

> "The person who by reason of the offer is induced to make an investigation, and finally obtains possession of sufficient facts to authorize the arrest of an offender, and his subsequent conviction, for the crime referred to in the offer, certainly cannot himself convict the offender. The service contemplated by a person making such an offer, and which the proposal should be construed as meaning, must be the obtaining, and giving to some propper person interested, sufficient information in relation to the perpetrator of the crime, and his whereabouts, as to authorize and secure the arrest of the offender, and subsequently to procure his conviction by a court of competent jurisdiction."

The opinion cites Crawshaw v. Roxbury, 7 Gray 374, 73 Mass. 374, where the offer was for the apprehension and conviction of an arsonist and called attention to the fact that a conviction in due course of law requires the intervention of a court and jury. In the Crawshaw case the successful award claimant neither signed the complaint nor arrested the suspect, which were done by police; the

claimant pointed out the suspect and requested his arrest, giving some facts tending to show his guilt.

Ralls County v. Stephens, 104 Mo.App. 115, 78 S.W. 291, approved recovery of a reward for the apprehension, arrest and conviction of a murderer by Stephens, who became active in discovering the criminal rather than to the officer who made the actual arrest at Stephens' request, saying "So we think the arrest, while technically by Carter, was, for the purpose of earning the reward, by Stephens, who was the immediate cause of it. * * * That person, in the real sense of the word, 'apprehended' the criminal, and deserves to be rewarded."

■ Two or more persons may join in detecting and apprehending an offender and if they do so, they are jointly entitled to the reward; it may be apportioned between or among them. Janvrin v. Town of Exeter, 48 N.H. 83, 2 Am. Rep. 185; Bloomfield v. Maloney, 176 Mich. 548, 142 N.W. 785, Ann. Cas.1915B, 662; Omaha Printing Co. v. Mack, 130 Neb. 237, 264 N.W. 673. The Nebraska reward offer was for the apprehension of a murderer. The court divided the reward among several who acted independently, yet, as the court indicated, "in concert" with others in the apprehension though all were not present at the arrest.

■ Plaintiff Madsen was the original efficient force and the only person who caused the physical capture of the robbers the same day by the officers and they were as much acting in concert with him as was Mack, the arresting marshal in the Omaha Printing Co. case. Madsen's actual presence at that time would not have made any difference as the officers would have made the arrest or capture, it being the duty of a sheriff to "pursue and apprehend all felons". SDC 12.1001. In jurisdictions where law enforcement officers may not lawfully recover rewards (Hogan v. Stophlet, 179 Ill. 150, 53 N.E. 604, 44 L.R.A. 809) or make no claim for their share (Haskell v. Davidson, supra) these circumstances are no bar for others to collect the reward though they act in concert. It is stipulated that no claim of the reward has been made except by plaintiff. The pur-

pose of the offer displayed on the signs in defendants' place of business was to discourage burglars and robbers and encourage the assistance of the public for the apprehension of such criminals if captured within the distance and time specified. Plaintiff substantially complied with the offer and is entitled to the reward. Shuey v. United States, 92 U.S. 73, 23 L.Ed. 697, cited by defendant is not contrary for the reasons mentioned in Haskell v. Davidson, supra; that is, the offer in Shuey treated the giving of information and the arrest differently and was for the arrest of a known person, not an unknown criminal. See also Judge Hook's dissent in McClaughry v. King, 8 Cir., 147 F. 463, 7 L.R.A.,N.S., 216, 219.

■ Following the capture of the criminals each of the defendant banks paid plaintiff $50 by check. They contained no writing as to their purpose or effect and when handed to plaintiff he stated they were not the amount called for in the offer. By cashing them an accord and satisfaction did not result. Some point was made in oral argument as to plaintiff's prior knowledge of both reward offers. The stipulation of facts admits and the trial court found plaintiff had knowledge of both offers and intended to claim both rewards.

The judgments appealed from are reversed with directions to enter judgment for plaintiff in both actions.

RENTTO, P. J., and ROBERTS and HANSON, JJ., concur.

SMITH, J., not participating.