GARDNER *against* THE CITY OF HARTFORD.

Where the city authorities offered a reward of 500 dollars to the person who
might discover and bring to conviction any person who had been guilty of
setting fire to any building destroyed in the city within a certain time past,
and a further sum of 500 dollars, for the detection and conviction of any per-
son who should thereafter be guilty of a like offence; and after such offer, a
shop in the city was set on fire, by *S*, but the fire went out, shortly after it was
communicated, without doing any other damage to the shop than charring
some portion thereof; and *S*, on the information of *G*, was convicted of such
offence; in an action brought by *G* against the city, to recover the reward
offered, it was held, 1. that by a fair construction of the first clause of the
contract, the plaintiff, in order to entitle himself to the reward, must have dis-
covered and brought to conviction a person guilty of setting fire, not merely to
a building, but to a building *destroyed* ; 2. that a "like offence" mentioned
in the last clause, must be construed to mean an offence actually, and not
merely technically, the same; and therefore, the plaintiff, to bring himself
within the terms of this clause, must also shew a destruction of the building;
3. that the injury in this case did not amount to such destruction.

THIS was an action of *assumpsit* to recover of the city of
*Hartford* the sum of 500 dollars, as a reward for discovering
and bringing to conviction a criminal.

The plaintiff's claim was founded on the following advertise-
ment: "City of *Hartford*. At a court of common council,
held on *Tuesday*, the 2d of *April*, 1839. It being represented
to this court, that the frequent fires, which have recently
occurred in this city, are the work of evil disposed persons:
Therefore, be it resolved, that the mayor be requested, and
he is hereby authorized, to offer a reward of 500 dollars, for
the discovery and conviction of the person or persons, who
communicated fire to either of the buildings destroyed in this
city within the four weeks last past ; and that he offer the

*Hartford,*
*June, 1841.*

Gardner
*v.*
The City of
Hartford.

same reward for the discovery and conviction of any person or persons, who may be guilty of the like offence hereafter.

"Now, be it known, that in accordance with the views of the court of common council, as above expressed, and by authority vested in me, I, *Henry Hudson,* mayor of said city, do offer a reward of 500 dollars, to be paid out of the city treasury, to the person who may discover and bring to conviction any individual or person, who may have been guilty of the atrocious act of setting fire to any building, destroyed, in this city, the last night, or during the month of *March* past. And I do also offer a further sum of 500 dollars, to be paid, in like manner, for the detection and conviction of any person who may hereafter be guilty of a like offence.

"Given under my hand, in the city of *Hartford,* this 2d of *April,* 1839.                    H. Hudson, Mayor."

On the 7th of *August,* 1839, a shop in the city of *Hartford,* owned by *Lot Sheldon,* was set on fire, by *Charles H. Saunders;* but the fire went out shortly after it was communicated, without doing any other damage to the shop than charring some portion thereof. *Saunders,* perceiving that this fire was extinguished, soon afterwards, on the same night, set fire to the joiner's shop of *Timothy Sheldon,* in said city, about twenty rods distant from the shop of *Lot Sheldon,* and it was thereby totally consumed. After these fires, and up to the 22d of *September,* 1839, *Freeman Crocker* and the plaintiff were making inquiries, and endeavouring to ascertain the authors of the crimes; and both had, previous to that time, their suspicions fixed upon *Saunders.* On the 22d of *September, Crocker* ascertained from one *Hinman,* that *Saunders* had confessed to him, that he, *Saunders,* burned the shop of *Timothy Sheldon.* This information *Crocker* immediately communicated to a grand-juror, who caused *Saunders* to be arrested and bound over for trial. He was tried and convicted, at an adjourned term of the superior court, in *Hartford* county, in *December,* 1839; and in consequence of such discovery and conviction, the defendants paid to *Crocker* a reward of 500 dollars, by reason of the offer made by them in the advertisement of the mayor. On the same day that *Crocker* made such complaint to the grand-juror, he caused the complaint and warrant to be delivered for service to the plaintiff, who was then a constable of the town of *Hartford,*

and informed him, that he, *Crocker*, had procured such proof that *Saunders* had burned the shop of *Timothy Sheldon*, as justified him, *Crocker*, in causing *Saunders* to be arrested. The plaintiff, believing both buildings to have been fired by the same individual, immediately thereafter made complaint to a grand-juror, that *Saunders* had set fire to said shop of *Lot Sheldon* ; and on the day following, a prosecution was in consequence commenced against him, for the last named offence ; and he was accordingly bound over, tried and convicted.

The case was reserved for the advice of this court, on the questions whether these facts are admissible in evidence, and what judgment ought to be rendered in the cause.

*T. C. Perkins*, for the plaintiff, contended, That the matters set up by the defendants, were inadmissible; and if admissible, were insufficient to defeat the plaintiff's claim. The plaintiff makes out a *prima facie* case. He is within the letter of the offer : is he not also within the spirit? The purposes of justice and the prevention of crime are equally answered, by the confinement of one criminal for two terms, or of two criminals each for one term. The offer is in substance for each offence. It could not have been the intention of the city to pay for the discovery of a new offender, but not for the discovery of an old one. The ground taken by the defendants goes to show, that under our statute the same person could not be *twice* convicted of an offence.

*F. Parsons*, for the defendants, contended, 1. That the reward offered relates solely to buildings *destroyed*, and does not contemplate an *attempt* to burn or destroy. Any other construction would subject the city in every instance, where a servant should make an unsuccessful attempt to injure his employer, by setting fire, and no damage or exposure resulted to the city.

2. That in this case, it was the same individual, who committed both offences; and it was never the intention of the city that this reward should be paid several times over, for the discovery and conviction of the same individual, because he might be guilty of several offences.

3. That the plaintiff made no discovery whatever. As an

*Hartford,*
*June, 1841.*

Gardner
*v.*
The City of
Hartford.

*Hartford,*
*June, 1841.*

Gardner
*v.*
The City of
Hartford.

officer, he was called upon, by *Crocker*, to serve a warrant; and the confessions of *Saunders* in relation to burning the other shop, were stated to him.   He then immediately entered a complaint solely from a supposition that the same person set fire to both buildings, and without communicating a single fact to the grand-juror.   The facts came out on the investigation of the first case, as the plaintiff supposed they would; but he was not the meritorious cause of developing a particle of evidence in the case.   *Williams* v. *Carwardine,* 5 *Car. & Payne,* 566.   S. C. 4 *Barn. & Ald.* 126.   *The City Bank* v. *Bangs* & al. 2 *Edw. Ch. Rep.* 95. 105.

STORRS, J.   Assuming that it was competent for the common council of the city of *Hartford* to pass the resolution recited in the declaration, respecting which no question has been made, there is no doubt that the offer of a reward in pursuance of it, constituted a valid contract between the city and any person who should bring himself within its provisions, for the breach of which this action is the proper remedy.

The resolution offers the reward to the person who should discover and bring to conviction any one who had been guilty of the act of setting fire to any building destroyed in said city, the previous night, or during the month preceding the resolution, or who should thereafter be guilty of a like offence.   It is agreed, that after such offer, a shop in said city was set on fire, by one *Saunders*, who was convicted thereof before the superior court; but that the fire went out, shortly after it was communicated, without doing any other damage to the shop than charring some portion thereof.

The first question is, whether this was an act, for the discovery and conviction of the perpetrator of which, the plaintiff, by the fair construction of the contract embraced in the advertisement, is entitled to the reward offered.   Unless there is a difference in the offences contemplated in the two clauses of the advertisement, one of which relates to past and the other to future offences, it is plain that, by the terms of the contract, in order to entitle the plaintiff to the reward, he must have discovered and brought to conviction one guilty, not only of setting fire to a building, but to a building destroyed.   It is a familiar and sensible rule, in the construction of contracts, that effect should be given to every word, unless the contract

Would thereby be rendered contradictory, insensible or absurd. (1 *Swift's Dig.* 223. 229. 230. and cases cited.) The city has seen proper to limit the reward, in the first clause, expressly to the case of a building, not only set on fire, but destroyed. There is no principle on which that last adjunct can be expunged, and the destruction of it can be pronounced unnecessary in order to entitle the plaintiff to the reward. It would be to erase from the contract a significant and important term, and essentially to vary its meaning. The court cannot enter into the reasons which induced the city thus to limit its responsibility, since the terms are free from ambiguity. It is sufficient that it has seen fit to make that precise contract, and that it is explicit. We are to interpret, but cannot alter, the obligation. Whether expediency did not dictate a more liberal offer, was exclusively for the city to determine. It is true, as suggested, that the moral turpitude is as great and the criminal responsibility may be as complete, whether the burning was, or was not, attended with a destruction of the building; but that is not the test, which the contract furnishes, as the measure of the rights and duties of the parties.

It is unnecessary to consider what would amount to a destruction within the meaning of this contract, since it is properly conceded in this case, that the injury did not amount to such destruction.

The destruction of the building being necessary to entitle the plaintiff to recover, it must be averred in the declaration and proved on the trial; neither of which is done, in the present case.

The plaintiff, however, insists, that, although this construction of the advertisement is correct as to the first clause, the phraseology of the other is broader, and should receive a wider interpretation. It is urged, that as in the last the reward is offered in case of a *like offence,* and the offence, by the provisions of our criminal law, is the same, whether the building be destroyed or not, the plaintiff has brought himself within the terms of the advertisement. We are of the opinion, that this exposition is not correct. The language employed is used in its ordinary, and not in any technical, sense; and we think, that it was the intention of the city to give a reward for the discovery and conviction of the perpetrator of the same act, whether occurring before or after the passing of the resolu-

*Hartford,*
*June. 1841.*

Gardner
*v.*
The City of
Hartford.

tion.  We can see no substantial reason why the offer should be broader in one case than the other ; and, so far as we can discover, the object in view would be answered, by giving the same construction to both clauses of the advertisement.

This view of the case renders it unnecessary to consider the other points, which have been made.

The superior court is, therefore, advised to render judgment for the defendants.

In this opinion the other Judges concurred, except WILLIAMS, Ch. J. who gave no opinion, being interested as a citizen of the city of *Hartford.*

Judgment for defendants.