## Robert Wilson

*v.*

## Samuel McClure.

1. Parol evidence. In an action to recover upon a promise made by the defendant, that he would pay a certain sum, for the purpose of raising money to procure substitutes for men who had been drafted into the army, it is competent for the plaintiff to prove by parol evidence that substitutes were received into the service. The entry of that fact by a recruiting officer is not a record, nor is it evidence between other parties, than the government and the person received as a soldier.

2. And the plaintiff in such action may also prove by parol evidence, the fact that a draft for soldiers had taken place.

3. Contract—*whether a promisee must be named.* When a person at a public meeting, held for the purpose of raising money to procure substitutes for men who had been drafted into the army from his district, verbally declared that he would give a certain sum for such purpose, such declaration constitutes a promise binding upon him to pay such sum to any person who should accomplish the object.

4. Notice—*whether necessary.* And where a person on the faith of such promise expends money in the accomplishment of the object sought to be attained, it is not necessary that he should give the promisor notice that he has done so to enable him to maintain an action upon the promise.

5. Substitutes—*for drafted soldiers.* Where the person seeking to recover upon such a promise, had so far executed the purpose to accomplish which the promise was made, that the men who had been drafted had only to report themselves and be discharged from the draft, their failure so to report, and obtain their discharge, does not affect the liability of the party making the promise.

Writ of Error to the Circuit Court of Edgar county; the Hon. James Steele, Judge, presiding.

This was an action of assumpsit, brought by McClure against Wilson, for money paid, laid out and expended, and lent and advanced by the plaintiff at the request of the defendant. The cause was before this court at the January term 1867,

when the judgment which had been rendered for the defendant was reversed and the cause remanded. Upon a second trial in the court below a judgment was rendered in favor of McClure, and thereupon Wilson sued out this writ of error. The facts in the case will be found in 43 Ill. 357, where the case is reported.

Mr. James A. Eads, for the plaintiff in error.

Mr. John Scholfield, for the defendant in error.

Mr. Justice Walker delivered the opinion of the Court:

This case was previously before this court, and is reported in the 43 Ill. 357, and all of the material facts of the case are there reported. It was there held, after a review of the various cases decided by this court on similar subscriptions, that a recovery could be had if money had been advanced by defendant in error, or a liability incurred, in consequence of the subscription. We shall therefore confine our consideration of the case now before us, to the questions raised on the admission of evidence and the instructions given and refused on the trial in the court below.

It is first urged, that the court below erred in permitting defendant in error to prove by parol, that substitutes were received into the service. It is not contested that a draft had been had and that plaintiff in error was anxious to preserve his sons from service in the army, and to avoid such a contingency, he agreed to pay four hundred dollars. This he declared at the meeting and also by his subscription. Whether substitutes were received into the service was a fact that might be proved as any other. Any person knowing that fact may prove it. It is not like a judgment or decree, or other matter of record. It is true, that the officers connected with the recruiting service, made an entry of the fact for the use of the service, and as evidence of the contract between

the government and the person received as a soldier. But we are aware of no law that declares such entry to be a record, or evidence between other parties.

No person would for a moment doubt that parol evidence might generally be received to prove that a man had been in the service, although an enrollment of his enlistment and dis charge had been made. Again, except in one or two cases, although a license is issued for the marriage of persons, and the certificate of the marriage is returned by the proper officer, and an entry of the fact is made on the record books of the county court, yet the fact may be proved orally by witnesses who know the fact, and in many instances it may be established by circumstances. Hence it is seen that it does not necessarily follow, because an entry of a fact is made by an officer, that the fact can only be proved by the entry or a certified copy. We can perceive no error in admitting this evidence. And the same is true of the proof in regard to the two drafts that had occurred in the township.

The object of keeping a journal or making entries in reference to a draft and the *quotas* of the various townships, was not to afford evidence, but was simply for the convenience of the officers of the army, and to show the authority under which they were acting. It was not intended to govern or control parties who were not connected with the service. Again, it would impose great delay, hardship, inconvenience and expense to compel parties to procure copies of all the papers connected with such a draft, to prove that a person was in the service of the government as a soldier, or that he had gone into the service as a substitute.

It is again insisted, that parol evidence was inadmissible to prove the contract. When this case was previously before the court, it was held that as it was an action for money paid, laid out and expended for the use of the plaintiff in error, it was only necessary to prove the payment of the money and that it was requested by the defendant, and that the request need not be shown to have been made of a particular person,

if the offer to pay was for the performance of a particular specified act. We see no reason to change or modify the rule there announced, nor for any further discussion of the question.

The next point made by the plaintiff in error is, that the first and second instructions for defendant in error were improperly given, and that the second and third asked by the plaintiff in error should have been given. The first instruction given for defendant in error, directs the jury, that if they believe from the evidence, that plaintiff in error proposed to give four hundred dollars to relieve the township from a draft, and discharge his sons therefrom, and defendant in error, on the faith of that promise, expended time and money for the purpose of relieving the township, and thereby succeeded, and relieved the township and the sons of the plaintiff in error from the draft, they should find for him. To this instruction we can perceive no objection. It seems to be based upon the plainest principles of law and justice, and under the evidence in the case, we are at a loss to comprehend how it could have misled the jury. In this case the relief of the township and the sons of plaintiff in error was a matter of public concern, and would naturally be as well known to the community as to defendant in error, and hence notice to plaintiff in error was not necessary to authorize the maintenance of the suit.

The objection to the second instruction is, that it assumes that a promise was made. We think that by a fair interpretation of the language, the court did not assume that the promise was made, but that it was left to the jury to find whether it was. It commences with this language: "If the jury believe from the evidence, that plaintiff, on the faith of the defendant's promise," &c., did certain acts, they should find for defendant in error. This was hypothetical, and not an assertion that such a promise was made. We see no objection to the remaining portion of the instruction. It repeats the substance of the first, and then informs the jury, that if defendant in error filled the quota and relieved the sons of plaintiff

24—50TH ILL.

in error, to the extent that they only had to report themselves and be discharged from the draft, their failure to report would not change the liability of plaintiff in error. This was sufficient. Defendant in error had no power to take the sons of plaintiff in error by force to the provost marshal to procure their discharge, nor is there any evidence that they ever were required to perform any further military duty, and if not, he procured their release from such duty.

The second and third instructions asked by plaintiff in error were properly refused. They sought to raise the question, that there should have been an express request made to defendant in error to advance the money, to render him liable. This was held to be unnecessary, when the case was previously before the court, and we have seen that it was not necessary for defendant to give plaintiff in error any special notice that the township, and his sons, had been released from the draft.

It is also urged, that the evidence fails to sustain the verdict. From a careful examination of the record, we are satisfied that the proof decidedly preponderates in favor of defendant in error, and fully sustains the verdict.

The judgment of the court below must be affirmed.

*Judgment affirmed.*