## WILLIAM B. FOWLER

*v.*

## JOHN L. DONOVAN *et al.*

1. CONTRACT—*to furnish means to pay a substitute for a party, in case he is drafted, not against public policy.* A contract entered into between parties, by which they agree to pay whatever may be necessary to provide and pay a substitute for such of them as may be drafted into the military service of the United States, under a pending call for troops, is not against public policy.

2. And where a party to such a contract is drafted, and furnishes and pays a substitute, he can compel payment to him by the other parties of their proportion of the amount so paid.

3. PAROL EVIDENCE. In a suit by a party on a contract to pay whatever may be necessary to procure a substitute for such of the parties as may be drafted into the military service of the United States, it is competent for the plaintiff to prove that he was drafted, and paid for and furnished a substitute, who was received as such in his place, by parol.

APPEAL from the Circuit Court of Iroquois county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. BLADES & KAY, for the appellant.

Mr. ROBERT DOYLE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The evidence shows that the contract these parties entered into, to pay whatever amount might be required to defray all expenses of hiring or procuring substitutes for each and every person party to the contract who might or should be drafted for military service, under the then pending call for three

hundred thousand men, was fully performed by appellees, and there was a failure to perform on the part of appellant.

It is proved that Carey was drafted, reported himself at the proper time and place, and secured and paid seven hundred and fifty dollars for a substitute, who was received as such. This, under the authority of *Wilson* v. *McClure*, 50 Ill. 366, could be established by parol evidence.

There is nothing in such a contract against public policy. The Michigan case cited (*O'Hara* v. *Carpenter*, 23 Mich. 410,) differs from this, in this particular : there, the parties seemed to have contracted to free themselves from the draft, by a mode other than by procuring a substitute ; here, there is nothing of this nature discoverable in the contract.

The judgment must be affirmed.

*Judgment affirmed.*