[No. 14992.   Department Two.—June 26, 1894.]

# RUSSELL J. WILSON, RESPONDENT, v. IRWIN C. STUMP, APPELLANT.

CONTRACT—OFFER OF REWARD—ACCEPTANCE.—An offer and promise to pay a reward is only a proposal and conditional promise, and not a consummated contract; but if, in reliance upon the offer, the proposal is accepted, and the service performed for which the reward was offered before the offer is revoked, a valid contract is thereby consummated.

ID.—REWARD OFFERED FOR PRODUCTION OF DISPUTED LETTER—PERFORMANCE—SUFFICIENCY OF COMPLAINT.—A complaint averring that the defendant proclaimed and asserted that he was desirous of obtaining a genuine letter of certain alleged contents which were in dispute, and that he would pay a reward of one thousand dollars for the production to him of such genuine letter containing the disputed matter, and that in consideration of said offer, promise, and agreement on the part of the defendant, that plaintiff did on a certain day produce and left in the personal custody of the defendant the said genuine letter, and demanded the offered reward which the defendant refused to pay, states a cause of action, and shows a complete contract and performance on the part of the plaintiff.

ID.—OFFER NOT LIMITED IN TIME—PRESUMPTION—REVOCATION—PLEADING—DEFENSE.—Where an offer is not limited in time the presumption is that it was open at the time of its acceptance on the fifth day after it was made, where nothing to the contrary appears, and it is not necessary that a complaint showing a performance of the offer should show that the offer had not been revoked before the performance; but the revocation of it, if it had been revoked, is matter of defense.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*James A. Waymire,* for Appellant.

The complaint is demurrable because it fails to allege that the defendant knew of the reward having been offered, and performed the service with a view to earning it. (*Hewitt* v. *Anderson,* 56 Cal. 476; 38 Am. Rep. 65; *Howland* v. *Lounds,* 51 N. Y. 604; 10 Am. Rep. 654; *Burke* v. *Wells, Fargo & Co.,* 50 Cal. 218; *Ryer* v. *Stockwell,* 14 Cal. 135; 73 Am. Dec. 634; *City Bank* v. *Bangs,* 2 Edw. Ch. 95.)   To enable the plaintiff to recover in this case, the complaint must show that the offer of the

reward remained open at the time of its alleged performance. (*Shuey* v. *United States*, 92 U. S. 73.)

*Stanly, Stoney & Hayes, Stanly & Hayes*, and *Arthur Rodgers*, for Respondent.

The complaint stated a cause of action. (*McLeod* v. *Meade*, 77 Cal. 87; *Ryer* v. *Stockwell*, 14 Cal. 135, 136; 73 Am. Dec. 634.)

VANCLIEF, C.—The complaint in this action shows that in October, 1890, the defendant was desirous of obtaining a certain letter said to have been written by Henry H. Markham, the alleged contents of which were in dispute.

That on or about the twenty-fourth day of October, 1890, the defendant proclaimed and asserted that he was desirous of obtaining a genuine letter written by said Markham of the alleged character and contents, and that he would pay a reward of one thousand dollars for the production to him of such genuine letter containing the disputed matter.

"That, in consideration of said offer, promise, and agreement on the part of the defendant, this plaintiff did, on the twenty-ninth day of October, 1890, produce to, and left in the personal custody of, the defendant, for the period of twenty-four hours, the said genuine letter, so as aforesaid written by said H. H. Markham, and did then and there demand from the defendant the payment to him of said offered reward or compensation of one thousand dollars; but, notwithstanding such production and delivery of such genuine letter, defendant did then refuse, and ever since has and still does refuse, to pay to plaintiff said sum of one thousand dollars, or any part thereof."

The defendant demurred " on the ground that said complaint does not state facts sufficient to constitute a cause of action in this, to wit, that it does not show a sufficient consideration, or any consideration, for the agreement therein alleged."

The court overruled the demurrer, and rendered judgment in favor of plaintiff for the sum demanded by default of defendant in failing to answer.

The defendant brings this appeal from the judgment upon the judgment-roll, and contends that the court erred in overruling the demurrer.

It is true that the alleged offer and promise to pay the reward was only a proposal or conditional promise on the part of the defendant, and not a consummated contract; but if, in reliance upon that offer, the plaintiff accepted the proposal and performed the service for which the reward was offered, before the offer was revoked, a valid contract was thereby consummated. (*Ryer* v. *Stockwell*, 14 Cal. 134; 73 Am. Dec. 634.) Nor is this controverted by appellant's counsel; but he contends that the complaint does not show that plaintiff knew the reward had been offered, or that plaintiff performed the service in reliance upon the promise of defendant. I think, however, the language of the complaint clearly implies all this, and is quite sufficient to stand the test of general demurrer. These alleged deficiencies are not specified in the demurrer, the only specification (if it may be called such) being that the complaint does not show any consideration for the alleged contract, while the points made here are much more specific, and not necessarily suggested by the demurrer. But the allegation of the complaint is, "that *in consideration of said offer, promise, and agreement on the part of the defendant*," the plaintiff produced the letter, etc., and "*then* demanded" the reward; and this means that the offer of the defendant was the cause which moved plaintiff to perform (Webster's Dictionary, Consideration), and implies that he knew, before he performed, that the offer had been made.

It is further objected that the complaint does not show that the offer had not been revoked before the performance.

The complaint shows that the offer was made October 24th, and that within five days thereafter, in reliance

upon it, the plaintiff performed the service requested. *Prima facie*, this shows a complete contract and per-formance on the part of the plaintiff.    The offer was not limited in time, and the presumption is, that it was open on the fifth day after it was made, nothing to the contrary appearing.    The revocation of it, if it had been revoked, was matter of defense.

*Hewitt* v. *Anderson*, 56 Cal. 476, 38 Am. Rep. 65, cited by appellant, is not in point.    In that case the court, upon a trial, found as a fact "that none of the acts of the plaintiff were done with a view to obtaining said reward, or any part thereof, but all of said acts were done without any intention of claiming said reward, or any part thereof."

I think the judgment should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., GAROUTTE, J., DE HAVEN, J.