ZWOLANEK, Appellant, vs. BAKER MANUFACTURING COMPANY, Respondent.

*September 18—October 8, 1912.*

*Corporations: By-laws: Offer of reward: Profit-sharing with employees: Contracts: Acceptance: Statute of frauds: Withdrawal of offer: Discharge of employee: Fraud: Contract of employment.*

1. As a general rule, the by-laws of a corporation are made for its internal government and regulation, and third persons can assert no rights thereunder.
2. But a by-law of a manufacturing corporation providing that any person who should have been in the regular employ of the company for a certain time should thereupon begin to share in the surplus earnings of the company, provided he did not quit or was not discharged prior to January 1st of any year, was, when communicated to the employees, an offer of a reward for constant and continuous service and, when accepted by an employee by substantial compliance with the terms of the offer before its withdrawal, became a complete and valid contract.
3. It was not essential in such a case that the employee should have informed the company that he relied upon the offer in continuing his work.
4. The statute of frauds relating to contracts not to be performed within one year has no application to such a case, because when the contract comes into existence the only obligation is that of the company to pay what is due under it.
5. As a general rule, a person making an offer of a reward may withdraw it before it is accepted; but he must be held to the exercise of good faith and cannot arbitrarily withdraw the offer for the purpose of defeating payment when to do so would

result in a fraud upon those who in good faith have attempted to perform the service for which the reward was offered.

6. Thus, in the case stated, discharge of an employee one day before he had earned the reward, where the sole purpose of such discharge was to prevent him from securing his share of the profits offered, would not take away his right to such share.

7. The fact that an employee had been hired under a regular contract running for one year, subject to renewal, but terminable by either party on three months' notice, would not affect his right to the reward.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

The plaintiff and the defendant entered into a written contract whereby the plaintiff agreed to work for the defendant from June 1, 1907, to June 1, 1908, at the agreed price of twenty cents an hour to October 1, 1907, twenty-five cents an hour thereafter to January 1, 1908, and thirty cents an hour thereafter. The contract provided that it could not be terminated by either party during the period stated, without the consent of the other, except that, if either party failed in the performance of duty, then the other party might terminate the contract by giving one month's notice. It further provided that if the contract was not renewed at the date fixed for its expiration, then it was to continue indefinitely, but could be terminated by either party giving three months' notice to the other, except that if either party failed in the performance of his duty the contract might be terminated upon one month's notice by the other.

The plaintiff went to work under this contract. No new contract was made on June 1, 1908, but the parties continued their relations under the terms of the original contract. This original contract was apparently modified on December 31, 1908, by increasing the wages of the plaintiff to thirty-five cents an hour. The plaintiff continued in the employ of the defendant until December 30, 1909, when he was discharged. About January 3, 1910, the plaintiff went to work under what is claimed to be a new contract, and continued to work until

the 25th of the same month, when he quit the defendant's employ. Plaintiff was paid the amount which it was stipulated in the contract he was to receive, as well as the amount which he was entitled to recover under the subsequent modifications of that contract.

On February 24, 1899, the defendant adopted what is referred to as a by-law, which recited that the *Baker Manufacturing Company* recognized "that the earnings of capital and labor are determined by competition, and believe that after both have been paid the prices so determined all surplus earnings should be divided between capital and labor in proportion to the amounts received by each." The alleged by-law then proceeded to state the manner in which the surplus earnings were to be divided between capital and labor, and provided among other things that "any person who shall have been in the regular employ of the company for 4,500 hours during 100 consecutive weeks shall thereupon begin to participate in profit sharing, provided he does not quit the employ of the company or is not discharged prior to January 1 of any year."

The complaint alleges in substance that the plaintiff worked more than 4,500 hours during 100 consecutive weeks immediately prior to January 1, 1910, and that he was entitled to his *pro rata* share of the profits of the company for the year 1909, which share, it was alleged, amounted to $854. The defendant by way of answer alleged that the written contract governed the amount of compensation which plaintiff was to receive for his services, and that he was not entitled to receive any other or further sum; that the by-law referred to was not a part of the contract of employment, and that the same was binding solely on the members of the corporation and did not affect third persons; alleged that said defendant had the right to and did discharge the plaintiff on December 30, 1909, and that the plaintiff consented to such discharge and agreed that the relation of employer and employee should cease at that time; that the plaintiff breached his contract by tendering his

resignation on December 24, 1909, to take effect January 25, 1910; that the work performed by the plaintiff from January 3, 1910, to January 25, 1910, was performed under a new and independent contract, and that plaintiff was not entitled to participate in any share of the profits of the defendant earned during the year 1909.    There was no testimony to the effect that the plaintiff when he entered upon his employment relied on the alleged by-law or that the same furnished any inducement to him to enter into or to continue in the employment of the defendant.    The plaintiff did testify that, when his contract was so modified in December, 1908, as to raise his wages, he informed the defendant that such raise was satisfactory, provided he would be allowed to participate in the profits of the company in accordance with the terms of the alleged by-law, and that he was informed that he would be entitled to so participate.

At the close of the testimony the trial court directed a verdict for the defendant, because the written contract made no reference to any profit-sharing by-law or practice of the company.    The court further held that although the plaintiff was informed of the existence of the by-law when the original contract was made, he refrained from stating that it affected him or formed a consideration or an inducement to enter into the written contract, and that a by-law which ordinarily deals with the internal affairs of a corporation and affects the officers and stockholders thereof would not affect the plaintiff, in the absence of a showing that it formed some consideration or inducement to the plaintiff to enter the employ of the defendant.    The court further held that, if any contract was entered into between the parties in reference to profit sharing, it was not to be performed within one year and was therefore void under the statute of frauds.    From a judgment dismissing the complaint on a directed verdict plaintiff appeals.

*Charles E. Hammersley,* for the appellant.

For the respondent there was a brief by *Olin, Butler & Curkeet,* and oral argument by *J. M. Olin* and *W. R. Curkeet.*

BARNES, J.   There are a number of questions discussed in the briefs of counsel which it is unnecessary to consider in view of the conclusion reached.   The case deals with a transaction which is somewhat uncommon, but raises no novel points. While the practice initiated by the defendant is beneficial to its employees, it is not difficult to see wherein it is also beneficial to the employer.   It tends to induce employees to remain continuously in the employ of the same master and to render efficient services so as to minimize the possibility of discharge.   It also tends to relieve the employer of the annoyance of hiring and breaking in new men to take the place of those who might otherwise voluntarily quit, and to insure a full working force at times when jobs are plentiful and labor is scarce.

It is argued at considerable length by the respondent that the profit-sharing plan of the defendant was initiated by means of the passage of a by-law, and that by-laws are made for the internal government and regulation of the corporation and its stockholders, and that third parties can assert no rights thereunder.   The general rule contended for has its limitations, and it is not claimed that it would apply to a case where the by-law was communicated to the employee with the design and purpose of having him act upon it and where he in fact did rely and act upon it.   To allow the employer in such a case to repudiate liability on the ground stated would come perilously near conniving at the perpetration of a fraud, and no court should say that in such a case the by-law merely affected the corporation and not third persons.   The rule contended for was not established to meet such a situation and does not meet it.   If corporations desire to have their so-called by-laws affect only the corporation and its shareholders, then they should refrain from exploiting them to third persons for the purpose of inducing such persons to act in reliance thereon.

We regard this by-law as being simply the offer of a reward to employees for constant and continuous service.   The defendant made an offer of extra or additional compensation to

any employee who performed a certain number of hours' service within a given period, provided net profits were earned and provided the employee did not quit or was not discharged before a stated time.    There is no dispute upon the point that this offer was communicated to the plaintiff when he made his original contract of employment, and the evidence tends to show that when the contract was modified in December, 1908, the plaintiff advised the defendant that the raise made in wages was satisfactory, provided he would be permitted to share in the profits, and that he was informed that he could participate therein.

"A reward is a sum of money or other compensation offered to the public generally, or to a class of persons, for the performance of a designated service."    34 Cyc. 1730.

A reward is a recompense or premium offered by the government or an individual in return for special or extraordinary services to be performed, and may be made in writing or orally, either to a particular person or class of persons, or to any and all persons complying with its terms.    *Kinn v. First Nat. Bank,* 118 Wis. 537, 95 N. W. 969.

A binding and enforceable contract to pay a reward rests on one side upon a valid offer, and on the other side upon an acceptance of such offer, including its terms and conditions, by a performance of the services requested in the offer before the offer lapses or is revoked.    Until acceptance by performance of the services it is merely a proposition, but when accepted by performance it becomes a binding contract, subject to the laws governing contracts generally.    *Reif v. Paige,* 55 Wis. 496, 503, 13 N. W. 473; 34 Cyc. 1731, and cases cited in notes 4 to 11 inclusive.

An offer and promise to pay a reward is a proposal merely, a conditional promise on the part of the offerer, and not a consummated contract.    *Haskell v. Davidson,* 91 Me. 488, 40 Atl. 330; *Janvrin v. Exeter,* 48 N. H. 83; *Pierson v. Morch,* 82 N. Y. 503; *Cummings v. Gann,* 52 Pa. St. 484; *Wilson v.*

Zwolanek v. Baker Mfg. Co. 150 Wis. 517.

*Stump,* 103 Cal. 255, 37 Pac. 151; *Williams v. West Chicago St. R. Co.* 191 Ill. 610, 61 N. E. 456; *Besse v. Dyer,* 9 Allen, 151.

The offerer may ·prescribe whatever terms he sees fit, and such terms must be substantially complied with before a recovery can be had. *Gardner v. Hartford,* 14 Conn. 195; *Williams v. West Chicago St. R. Co., supra; Haskell v. Davidson, supra; Besse v. Dyer, supra; Jones v. Phœnix Bank,* 8 N. Y. 228; *Freeman v. Boston,* 5 Met.· (Mass.) 56.

Performance constitutes acceptance of the offer, and after performance it cannot be revoked ·so as to deprive a person who has acted on the faith thereof of compensation. *Bronnenberg v. Coburn,* 110 Ind. 169, 11 N. E. 29.

An offer of a reward may be accepted by .any part of the public if it be offered to the public, or by any particular person or class of persons if such proposition is made to them. *Campbell v. Mercer,* 108 Ga. 103, 33 S. E. 871; *Butler Co. v. Leibold,* 107 Pa. St. 407; *First Nat. Bank v. Hart,* 55 Ill. 62.

It is not necessary that the person performing the service for which a reward is offered generally should give notice to the offerer that he accepts the offer; for in such case the party making the offer impliedly dispenses with actual notice, and the doing of the act completes the contract. *Reif v. Paige, supra; First Nat. Bank v. Hart, supra; Wilson v. McClure,* 50 Ill. 366; *Hayden v. Souger,* 56 Ind. 42; *Morse v. Bellows,* 7 N. H. 549; *Patton's Ex'r v. Hassinger,* 69 Pa. St. 311; *Shuey v.·U. S.* 92·U. S. 73.

"While a mere offer not assented to does not constitute a contract, an acceptance of the terms of an offer of a reward by any person who complies therewith by performing the service creates a complete and valid contract, provided the performance takes place prior to the withdrawal of the offer." 34 Cyc. 1739, and cases cited in notes 67, 68, and 69.

Acting upon an offer and complying with its terms and con-

ditions constitute an acceptance.    *Wilson v. Stump,* 103 Cal.
255, 37 Pac. 151; *Bull v. Talcot,* 2 Root (Conn.) 119; *Vigo
A. Soc. v. Brumfiel,* 102 Ind. 146, 1 N. E. 382; *Haskell v.
Davidson,* 91 Me. 488, 40 Atl. 330.

Literal performance is not necessary.    *Haskell v. David-
son, supra; Besse v. Dyer, supra.*

Substantial compliance with the terms of the offer is in
general sufficient.    *Gilkey v. Bailey,* 2 Harr. (Del.) 359;
*Williams v. West Chicago St. R. Co.* 191 Ill. 610, 61 N. E.
456; *Louisville & N. R. Co. v. Goodnight,* 10 Bush, 552; *Sal-
badore v. Crescent Mut. Ins. Co.* 22 La. Ann. 338.

Substantial compliance with the conditions of the offer
must be shown in order to authorize recovery.    *Burke v.
Wells, F. & Co.* 50 Cal. 218; *Williams v. West Chicago St. R.
Co., supra; Smith v. Vernon Co.* 188 Mo. 501, 87 S. W. 949;
*Shuey v. U. S., supra.*

And it has been held that where the claimant has performed
part of the service and is prevented by the offerer, or by those
for whose acts he is responsible, from completing the work, he
is entitled to the whole reward, or at least to compensation on
*quantum meruit.*    34 Cyc. 1750.

It is manifest that the statute of frauds has no application
to the case.    Until the offer made was accepted by perform-
ance there was no contract, executory or otherwise.    When
the contract came into existence the only remaining obliga-
tion was that of the defendant to pay at once what was due
under it.    Neither was it essential that the plaintiff should
inform the defendant that he relied on the offer in continuing
his work.

The only obstacle in the way of the plaintiff's right of re-
covery is the fact that he was discharged one day before he had
earned his reward, the further fact that defendant contends
that he was discharged for sufficient cause, and the still fur-
ther fact that it is asserted that plaintiff consented to his dis-
charge.

Zwolanek v. Baker Mfg. Co. 150 Wis. 517.

We hold that the jury might have found from the evidence that the plaintiff had substantially performed his contract at the time of the discharge and was entitled to recover on this ground. The jury might also have found that the defendant violated its contract with the plaintiff in discharging him when it did; that there was no justification for the discharge, and that defendant's sole object and purpose in making it was to prevent plaintiff from securing his share of the profits offered to its employees; and finally that the plaintiff did not consent to his discharge. Under-such a state of facts the plaintiff is entitled to recover. It is true as a general proposition that a party making an offer of a reward may withdraw it before it is accepted. But persons offering rewards must be held to the exercise of good faith and cannot arbitrarily withdraw their offers for the purpose of defeating payment, when to do so would result in the perpetration of a fraud upon those who in good faith attempted to perform the service for which the reward was offered. *First Nat. Bank v. Hart,* 55 Ill. 62, and cases heretofore cited.

The fact that the plaintiff had a written contract does not change the situation. That contract ran for one year subject to renewal, but might be terminated by either party on three months' notice. The plaintiff was not obligated by this contract to remain in defendant's employ until the reward was earned, unless he saw fit to do so. The reward related to an independent subject not covered by the contract, and one that did not affect its terms in any way.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.