## Snyder *v.* Hershey Chocolate Company, Appellant.

*Master and servant—Compensation—Share of profits—Contract.*

Where a corporation for some years had paid to certain of its employees a share of its profits calculated upon the basis of twenty per cent. of their wages, and a person enters its service, works for a year, less a few days, and, having received his share of the profits calculated as aforesaid, together with a letter from defendant company urging him to more active interest in the business in which he shared the profits, continues in the employ for the succeeding year until his services are terminated near the end thereof without fault on his part, such employee is entitled to a share of the profits declared by the corporation during the second year of his service.

Argued March 14, 1916.    Appeal, No. 17, March T., 1916, by defendant, from judgment of C. P. Dauphin Co., June T., 1912, No. 160, on verdict for plaintiff in case of Paul Snyder v. Hershey Chocolate Company.    Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit for wages.    Before McCARRELL, J.

The facts appear by the opinion of the Superior Court.

528, (1916).]     Verdict—Opinion of the Court.

Verdict and judgment for plaintiff for $144.25.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John E. Snyder*, with him *F. Lyman Windolph* and *E. M. Hershey*, for appellant, cited: Richards v. Richards, 46 Pa. 78; Butler v. Kemmerer, 218 Pa. 242; Briggs v. Morris, 244 Pa. 139.

*Frank B. Wickersham*, of *Wickersham & Metzger*, for appellee.

OPINION BY TREXLER, J., July 18, 1916:

The plaintiff entered the services of the defendant company January 17, 1910.  It was the custom of the company for some years to pay to certain of its employees a share of its profits equal to 20 per cent. of their wages.  Plaintiff, at the end of the first calendar year received his share of the profits calculated as aforesaid, together with a letter containing the following paragraph: "We hope that the coming year will see each one of our employees taking a little more active interest in the welfare of the business in which they share the profits.  By each employee giving this business their best efforts and their work the closest attention our mutual interest will be materially benefited."  The plaintiff continued in the employ of the company during the year 1911 until December 14th, when without any definite discharge, his services were dispensed with.  Afterwards the company gave a bonus of 20 per cent. of the wages earned during the year 1911.  Is the plaintiff entitled to 20 per cent. of the amount he earned during the said year?  If we examine the letter which accompanied the first year's bonus, we can readily see that the purpose of the offering of the bonus was that the employees might continue to work for the defendant company and that in

their continuing in its employ, they might render more efficient service. It will be perceived that the letter concedes to the employee that he is a sharer in the profits. The statement is made without qualification that each one of the employees should take a little more active interest in the business "in which they share the profits." This is a definite assertion on the part of the employer as to the right to participate in the so-called bonus, and although indefinite as to the extent should be sustained unless there is some good reason to the contrary. The position the defendant company takes is that this additional compensation was a mere gratuity and that no legal obligation can arise from "a source so casual and unintended." We may assume that the payment of the additional wages was dependent upon the success of the business and that there was no absolute promise to pay a definite sum contained in the letter above referred to. What amount was to be distributed was to be determined by the board of directors. It was certain that the workmen were to have a share in the profits, if any were made. This was the inducement to the men to continue in the company's employ. In other words, the promise was that at the end of the year there would be some distribution of profits, if any were made, and after the company fixed the amount which was to be distributed, then that which was indefinite became definite and all the laborers employed by the company who had taken employment under the promise to share if they continued to work during the year, were entitled to receive their extra compensation fixed at 20 per cent. of their wages during the year. The company offered this as an inducement to the laborers to continue in its employ and this purpose being consummated by a fixing of the amount of the extra compensation, all the elements of a valid contract were present. The company in effect informed this plaintiff that they would not promise him definitely how much extra compensation he would get, but that when they fixed the rate of the extra wages, he

would get his share.  It is not claimed that the services rendered by the plaintiff during his employment were not faithful, nor is any cause alleged why he should not get his bonus, other than the fact that the company denies the binding force of its promise and alleges that the fact that he was laid off before the end of the year deprived him of any participation in the extra wages paid.

As to the latter phase of the defense, the learned trial judge ruled that if the plaintiff rendered satisfactory services to the defendant down to December 14, 1911, and was ready and willing to render like services for the remainder of the year and was prevented from so doing only by the failure of the defendant to assign him to duty, then he is entitled to recover his share of the profits for the entire year.  We see no error in this.  In the case of Zwolanek v. Baker Manufacturing Company, 150 Wis. 517, 137 N. W. 769, 44 L. R. A. 1214, it was held that a servant who has been promised a share of the profits of the business in case he rendered two years' continuous service, could not be deprived of his right thereto by a discharge without cause one day before the expiration of the required period; that the plaintiff had substantially complied with his contract and had performed his part of the service and that in any event he was entitled to compensation on quantum meruit.  Evidently the contract between the company and this plaintiff contemplated that it was to be a hiring by the year.  As in Kane v. Moore, 167 Pa. 275, the bonus being payable at the end of the year, a service extending for that period was intended and unless the defendant could show a good and valid reason for sooner terminating the contract, plaintiff was entitled to its benefits.  Reference to the authorities on the question of the right of a servant to a reward or bonus when discharged without cause before his term of services is ended will be found in the opinion of BARNES, J., in Zwolanek v. Baker Manufacturing Company, supra, and in the note in the report of the case in 44 L. R. A. (N. S.) 1214.

We think the conclusion reached by the learned trial judge was right and that the case was properly submitted. Although we sustain the contract in so far as the fixing of the amount of extra compensation is concerned on the action of the directors after the expiration of the year, and not as did the trial judge on the percentage given in previous years, the result is the same.

Judgment affirmed.