## Scholl v. Hershey Chocolate Company, Appellant.

*Master and servant—Compensation of servant — Bonus — Contract of employment.*

Where a corporation for some years had paid to certain of its employees a share of its profits in the form of a bonus, and in an action for such bonus, evidence is offered that the plaintiff entered upon his employment upon the verbal assurance of the superintendent that he would receive a bonus of twenty per cent upon every dollar he earned, the question of the terms of the contract of employment and the superintendent's authority to bind the company, are for the jury and a verdict for the plaintiff will be sustained.

*Master and servant—Bonus—Evidence.*

Where a letter is prepared by a corporation setting forth a promise of a bonus, and although addressed to individuals, its language is general, such letter is admissible in evidence to support the plaintiff's contention that he entered into his employment with its promises in view, when he testified that he saw the letter and was familiar with its contents.

*Master and servant—Bonus—Term of employment.*

Where the employee fulfills all the conditions that would entitle him to a bonus, except that he ceased work shortly before the end of the year, through no fault of his own, he was eligible for his share of the profits.

Argued Nov. 19, 1918. Appeal, No. 1, March Term, 1919, by defendant, from judgment of C. P. Dauphin County, Jan. T., 1916, No. 609, on verdict for plaintiff in case of Harry D. Scholl v. Hershey Chocolate Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for wages.  Before McCarrell, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff for $149.05 and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, various rulings on evidence, and for refusal of defendant's motion for judgment n. o. v.

*John E. Snyder,* and with him *F. Lyman Windolph* and *E. M. Hershey,* for appellant.—There was no contract between plaintiff and defendant, by reason of the letter of the defendant, promising a bonus to certain employees: Snyder v. Hershey Chocolate Company, 63 Pa. Superior Ct. 528, 13 Corpus Juris 273; Dumn v. Rothermel, 112 Pa. 272.

The superintendent had no authority to bind the defendant: Foundry Co. v. Water Co., 221 Pa. 529; Storage Co. v. Bushnell, 88 Pa. 89; Moore v. Patterson, 28 Pa. 505; Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Slease v. Naysmith, 14 Pa. Superior Ct. 134; Beal v. Express Co., 13 Pa. Superior Ct. 143; Langenheim v. Anschutz-Bradberry Co., 2 Pa. Superior Ct. 285; Fee v. Express Co., 38 Pa. Superior Ct. 83; Corr v. Greenfield, 134 Pa. 503; Weldon v. Traction Co., 27 Pa. Superior Ct. 257; Whiting v. Lake, 91 Pa. 349; Supply Co. v. Thompson, 112 Pa. 118; Sword v. Israel, 29 Pa. Superior Ct. 626; Smith v. Evans, 56 Pa. Superior Ct. 626; Market Co. v. Jackson, 102 Pa. 269; McAllister v. Heater Co., 65 Pa. Superior Ct. 522; Tift v. Bank, 141 Pa. 550; B. & P. Ry. Co. v. Slate Co., 203 Pa. 6; DeForest v. Townsite Co., 241 Pa. 78; Smith v. Steel Co., 208 Pa. 462; Pollock v. Car Co., 230 Pa. 136; Shields v. Hitchman, 251 Pa. 455; Melchling v. Insurance Co., 53 Pa. Superior Ct. 526.

*Frank Wickersham,* of *Wickersham & Metzger,* for appellee.

OPINION BY TREXLER, J., March 3, 1919:

The defendant company some years prior to the bringing of this suit gave a bonus or share of its profits to its employees based upon the time of service and the amount of wages. Plaintiff testified that he knew of this before his employment by the company. On October 6, 1910, when he applied for work he was referred to the superintendent of the company with whom a conversation was had in which the rate of wages was stated after which plaintiff asked, "Is that all what I get?" The superintendent answered "No! if you are a faithful employee during the year why you would receive a bonus of twenty per cent. on each and every dollar you earn." It was upon these terms that the plaintiff started to work and continued in the employment of the defendant until December 14, 1911. He never received twenty per cent. of his wages and for that, suit is brought.

We think the contract of employment and the subsequent action of the company was sufficient to sustain a verdict. The agent of the company who employed the plaintiff was designated as the general superintendent. He employed and dismissed men and although it is denied that he had authority to fix wages, he told those whom he employed what the wages would be. During plaintiff's term of employment the company paid the wages agreed upon by the superintendent and the per cent. of bonus which the superintendent promised was also divided amongst the faithful employees who continued with the company during the year. There is no denial of the fact that plaintiff fulfilled all the conditions that entitled him to the bonus except that he ceased working shortly before the end of the year. He stopped through no fault of his own and this cessation of employment did not render him ineligible for his share of the profits: See Snyder v. Hershey, 63 Pa. Superior Ct. 528. The court left the question of the authority of the superintendent to bind the company to the jury and their find-

ing in favor of the plaintiff was sustained by the evidence.

The appellant contends that the evidence offered to show the action of the company in regard to the payment of bonus to its employees, should not have been admitted. In January, 1911, the company addressed a circular letter to some of the employees in which it stated, "We hope that the coming year will see each one of our employees taking a little more active interest in the welfare of the business in which they share the profits. By each employee giving this business their best efforts and their work the closest attention, our mutual interest will be materially benefited." The plaintiff saw this letter. It is argued by the defendant that this letter was inadmissible as it bound the company only as to those employees to whom it was addressed. Ordinarily, this would be true, but the express language of the letter discloses that the intention was that all employees should come within its terms and every employee having knowledge of this could continue in the employ with the assurance that he was covered by it. If the company had addressed a letter to some of its employees that after January first the wages of all its employees would be advanced a certain per cent., would it be reasonable to hold that an employee without direct notice, but having knowledge of such proposed advance in wages would not have a right to demand it?

It is claimed that the court erroneously allowed the jury to determine what the letter meant. This was not reversible error. It merely gave the defendant a chance in this respect to go to the jury upon a question which the court should have decided against it.

At another part of the charge the court properly held that this letter was, in effect, a general offer from the defendant to each one of its employees and, as it was shown to the plaintiff he had a right to consider it as an affirmance of the contract made between himself and the superintendent of the company and, as a proposition from the

defendant company to himself that, if he took proper interest in the welfare of the business and continued in its employ, he would share the profits.

All the assignments of error are overruled and the judgment is affirmed.