**SCHWARTZ TAILOURING CO., Inc., a corporation, Appellant,**

v.

**Charles Russell PETTY, Appellee.**

**No. 2099.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 9, 1957.

Decided March 31, 1958.

Charles H. Mayer, Washington, D. C., for appellant.

Edward L. Genn, Washington, D. C., with whom David Applestein, Washington, D. C., was on the brief, for appellee.

Before ˙ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Before us for review is a judgment in a nonjury action awarding plaintiff a bonus pursuant to an employment agreement.

Plaintiff was employed as a salesman by the defendant corporation. In July 1956 he advised the officers of the corporation of his intention to leave their employment in order to accept a position at a higher salary with a competing firm. A discussion ensued, and according to plaintiff's testimony it was agreed that if he would remain in defendant's employment, he would be given a weekly allowance for his automobile and in addition a bonus at the end of the year equal to that given the defendant's head tailor. Plaintiff remained with the defendant and on December 20 of the same year notified his employer that he had decided to accept work with the competing company the following month. He stated he was willing to give two weeks' notice; however, it was agreed that plaintiff could leave on December 22. The matter of a bonus was discussed at this time, and plaintiff testified that defendant's officers informed him the bonuses had not yet been determined or paid. Some time thereafter, upon learning that defendant's head tailor had received a bonus, plaintiff made a demand for his in the same amount and was refused. This action followed.

While material parts of plaintiff's testimony are denied by defendant's witnesses, the trial court, in awarding judgment to the plaintiff, obviously accepted the latter's version, as it had a right to do. Its findings on these disputed issues of fact must be affirmed unless they are palpably erroneous or without evidentiary support. Defend-

ant rests its appeal basically on two contentions. It argues first that the bonus agreement here was too vague and indefinite to furnish a right of action in that no mention was made as to the sum of money promised or length of service required of plaintiff to qualify for the bonus. Secondly; it argues that even if a binding agreement did exist, plaintiff forfeited his right to a bonus by leaving his employment before the end of the year.

It is well settled that bonus agreements of this kind are supported by valid consideration. Williston states:

"* * * [I]f the purpose and effect of the executory promise of a bonus is to induce the employee to refrain from exercising his liberty of quitting and, in reliance thereon, he does so refrain for the period specified, there is sufficient consideration to render the promise enforceable. * *"[1]

Clearly the promise of a bonus was made in this instance with the intent to retain plaintiff's services. Both parties referred to it as an "end of the year bonus," and we think the implication is plain that the promise was conditioned on a period of service extending to the end of December.[2] While the agreement did not mention a specific sum, this will not of itself render the promise void. It is not necessary that a promise be certain within itself if it contains a reference to another agreement or extrinsic facts from which its terms may be made clear.[3] Plaintiff was to receive a bonus equal to that given defendant's head tailor. Any uncertainty is cured by reference to the bonus paid the latter. We think the contract is sufficiently definite and certain to be enforced.

The only question remaining is whether plaintiff's employment with the defendant was terminated by the mutual consent of the parties. If so, plaintiff may recover; but if the employee abandoned or voluntarily quit his employment before the bonus became due, he is deemed to have forfeited any right to it.[4] The question is one of fact, and we are of the opinion the evidence was such that the trial court sitting without a jury could have found that plaintiff agreed to remain with the defendant corporation beyond the end of the year, but with the consent of defendant left its employment to accept the new position before the bonus became due. The decision of the trial court is therefore

Affirmed.

1. 1 Williston on Contracts, § 130B (3d ed. 1957).

2. Meredith v. Carl Youngstrom Co., Iowa, 205 N.W. 749; Roberts v. Mays Mills, 184 N.C. 406, 114 S.E. 530, 28 A.L.R. 338; Snyder v. Hershey Chocolate Co., 63 Pa.Super. 528.

3. 1 Williston on Contracts, § 47 (3d ed. 1957).

4. See annotation, 28 A.L.R. 346.